COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

PLES JETHRO BUFFORD, III,                            )

                                                                              )              
No.  08-02-00478-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
195th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0151637-UN)

                                                                              )

 

 

O
P I N I O N

 

Ples Jethro
Bufford, III appeals his conviction for the offense of robbery.  A jury found him guilty of the charged
offense, and sentenced Appellant to 14 years=
imprisonment.  He raises two issues:  First, that the evidence is insufficient to
sustain his conviction because it did not establish that Appellant caused
bodily injury to the complainant by pushing her to the floor as plead in the
indictment; and second, Appellant contends that he was denied effective
assistance of counsel when his counsel failed to object to inadmissible
evidence of a juvenile conviction.  We
affirm.








On April 16, 2001,
Lezella Armstead and her fourteen-year-old granddaughter, V.M., returned to
Mrs. Armstead=s house
from a physical therapy appointment. 
When they pulled up to the house, V.M. got out of the car, opened the
screen door, and pushed the front door open. 
Mrs. Armstead thought it was slightly odd that the door was
unlocked since she was sure she had locked it that morning, but she assumed she
just had not closed it properly.  She
barely entered the house and saw sitting just to her right a large pile of
their belongings including a boombox, some CD=s,
clothes, and a camcorder.  She suspected
her granddaughter had left some of her things there, but V.M.. said that she
had not.  Mrs. Armstead then heard a
noise coming from her bedroom and, assuming it was her husband, called out his
name.  Instead, a person she did not
recognize ran down the hall towards her.

The assailant
pushed her up against the wall with his arm and began to yell at her to A[g]et in this goddamn house.@ 
He then pushed Mrs. Armstead to the floor, dragged her by the arm, threw
her over the sofa, and demanded she give him her purse.  During this time, V.M. ran out the front door
and began screaming for a neighbor to help. 
The assailant then ran out the same door with Mrs. Armstead=s purse, which contained some cash, her
driver=s
license, and her cell phone.  Mrs.
Armstead testified that when he was pulling her on the floor, he caused her
pain in her left side.  She identified
Appellant as the man who robbed the house in a photo lineup provided by the
police, and both she and V.M. identified him in open court.

Appellant
testified on his own behalf, stating that he was at home with his nephew all
day and that he did not rob Mrs. Armstead=s
house.  Appellant also admitted to his
prior criminal record including the fact that he was on probation for two
burglaries at the time of the trial and that he had served one and a half years
in the Texas Youth Commission for a juvenile conviction of unauthorized use of
a motor vehicle.

Sufficiency of the Evidence








In reviewing the
legal sufficiency of the evidence, the court must consider all the evidence in
the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979).  We do not resolve any conflict of fact or
assign credibility to the witnesses, as it was the function of the trier of
fact to do so.  Adelman v. State,
828 S.W.2d 418, 421 (Tex.Crim.App. 1992). 
Instead, our duty is only to determine if the findings of the trier of
fact are rational by viewing all of the evidence admitted at trial in a light
most favorable to the verdict.  Adelman,
828 S.W.2d at 422.  As such, any
inconsistencies in the evidence are resolved in favor of the verdict.  Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App.
1991).  

In reviewing the
factual sufficiency of the evidence, we must consider all the evidence, but we
do not view it in the light most favorable to the verdict.  Clewis v. State, 922 S.W.2d 126, 134
(Tex.Crim.App. 1996).  Instead, we review
the evidence weighed by the fact finder that tends to prove the existence of
the elemental fact in dispute and compare it with the evidence that tends to
disprove the fact.  Johnson v. State,
23 S.W.3d 1, 7 (Tex.Crim.App. 2000).  A
defendant may raise a factual sufficiency challenge in one of two ways.  He may allege the evidence is so weak as to
be clearly wrong or manifestly unjust or, in a case where the defendant has
offered contrary evidence, he may argue that the finding of guilt is against
the great weight of the evidence.  Johnson,
23 S.W.3d at 11.  We are not free to
reweigh the evidence and set aside the verdict merely because we feel that a
different result is more reasonable.  Cain
v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).  What weight to give contradictory testimonial
evidence is within the sole province of the jury because it turns on an
evaluation of credibility.  Cain,
958 S.W.2d at 407.








Appellant asserts
that there is no testimony that he caused bodily injury to Mrs. Armstead by
pushing her to the floor as plead in the indictment, and that the evidence is
therefore insufficient to justify the conviction.  We disagree. 
Mrs. Armstead was specifically asked whether Appellant Apushed [her] on the floor@ in the course of this incident, and
she answered affirmatively.  She further
stated that Appellant dragged her along the floor in addition to his other
violent actions.  In describing the
incident generally, Mrs. Armstead testified that Appellant Astarted tussling--pulling me towards
the front door and pushing me down,@
and that Awhen he
was tussling and pulling me, you know, towards the front door, he caused pains.@ 
V.M. witnessed her grandmother struggle with Appellant and testified
that he Apushed
her on the ground@ and that
she was Astill on
the ground sliding with him@
while trying to get up.  The jury could
have reasonably inferred from this testimony that Appellant caused bodily
injury to Mrs. Armstead during the Atussling@ and Apulling@ of the entire incident, which included
his pushing her towards and dragging her along the floor.  Viewed in the light most favorable to the
verdict, we find that the evidence is legally sufficient to demonstrate the
cause of the injury as plead in the indictment.








Appellant also
appears to be arguing that the evidence is factually insufficient to
demonstrate that bodily injury was caused by her being pushed towards the
floor, though he offers little argument to support this contention.  Weighing the contradictory evidence under the
Clewis standard, we find that the testimony described above was
sufficient so that the jury could find beyond a reasonable doubt that the
injury was caused in the manner alleged in the indictment, and that the verdict
was not against the great weight of the evidence.  It is the jury=s
duty to weigh contradictory testimony and decide which is more credible, and
the fact that the jury reconciles contradictions in favor of the State does not
make the evidence factually insufficient. 
See Cain, 958 S.W.2d at 410. 
We therefore overrule Issue One.[1]

Effectiveness of Counsel

Appellant argues
in his second issue that he was denied effective assistance of counsel when his
attorney failed to object to an inadmissible line of questioning regarding a
prior juvenile conviction.  In
determining whether counsel=s
representation was so inadequate as to violate Appellant=s
Sixth Amendment right to counsel, we must adhere to the Strickland test
developed by the United States Supreme Court and later adopted by the Texas
Court of Criminal Appeals.  Hernandez
v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  To demonstrate actual ineffectiveness,
Appellant must (1) show counsel=s
performance was so deficient as to fall below an objective standard of
reasonableness, and (2) affirmatively prove prejudice.  Strickland v. Washington, 466 U.S.
668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Thompson v. State,
9 S.W.3d 808, 812 (Tex.Crim.App. 1999). 
Appellant must show a reasonable probability that but for counsel=s unprofessional errors, the fact
finder would have had a reasonable doubt respecting guilt.  McFarland v. State, 928 S.W.2d 482,
500 (Tex.Crim.App. 1996).  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id.








Additionally,
Appellant must overcome the strong presumption that under the circumstances,
the challenged action might be considered sound trial strategy.  Strickland v. Washington, 466 U.S. at
689, 104 S.Ct. at 2064.  We must
recognize that counsel is strongly presumed to have rendered adequate
assistance and made all decisions in the exercise of reasonable professional
judgment.  Strickland, 486 U.S. at
689, 104 S.Ct. at 2064.  Any allegation
of ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness.  McFarland, 928 S.W.2d at 500.  We must be hesitant in declaring counsel
ineffective, based upon a single alleged miscalculation during what amounts to
otherwise satisfactory representation and the record is silent as to reasons
for counsel=s
actions.  See Thompson, 9 S.W.3d
at 814.  Generally, the record on direct
appeal is simply insufficient to demonstrate deficiency in counsel=s representation.  Mitchell v. State, 68 S.W.3d 640, 643
(Tex.Crim.App. 2002).








Appellant has
failed to prove both that counsel=s
assistance fell below reasonable standards of professional conduct and that the
alleged error prejudiced the jury=s
decision in any way.  Admittedly, the
questioning and testimony regarding Appellant=s
juvenile record was clearly inadmissible. 
See Tex.R.Evid.
609(d).  However, this alone is not
sufficient to find counsel=s
actions ineffective.  The little evidence
in the record that speaks to counsel=s
reasons for allowing the inadmissible testimony indicates that it was part of a
sound trial strategy.  In her closing
argument, Appellant=s counsel
stated, A[t]hat=s why the Defendant got on the stand
and admitted his criminal record.  He
admitted, yes, I=ve been
in trouble.  Yes, I=ve done things that are wrong, but I
didn=t write
that letter, and I didn=t
rob this lady.@  These statements indicate that counsel failed
to object to the questioning about Appellant=s
criminal record, including his juvenile conviction, in order to demonstrate his
willingness to admit past wrongs in contrast to the honest denial he was making
in this case.  The record offers no
evidence to suggest otherwise, and as such, does not affirmatively demonstrate
the ineffectiveness alleged by Appellant. 
See McFarland, 928 S.W.2d at 500.

The second prong
of the Strickland test, whether counsel=s
alleged errors prejudiced the outcome, is only to be evaluated once the first
has been proven.  See Thompson, 9
S.W.3d at 813.  Since Appellant failed to
prove that counsel=s actions
were deficient, analysis of the second prong is unnecessary.  Taking into account the strong presumption
that counsel performed within the wide range of reasonable standards, we find
the record lacks sufficient evidence to declare counsel=s
assistance ineffective.  We therefore
overrule Issue Two.

We affirm the
trial court=s
judgment.

 

 

August
26, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
We note that the State made an argument based on the apparent variance between
the allegation of bodily injury caused by pushing complainant to the floor and
the proof at trial.  We agree with the
State that even if a variance could be proven, the evidence would still be
sufficient because the variance is immaterial under the Gollihar standard.  See Gollihar v. State, 46 S.W.3d 243,
248 (Tex.Crim.App. 2001).