In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-158 CR


____________________



DERYLE JAMES ANDERSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. CR25507






MEMORANDUM OPINION


 Deryle James Anderson appeals his conviction of burglary of a habitation and the
thirty-year sentence imposed upon him as an habitual offender. Anderson claims that the
trial court commented on his right to remain silent and contends his trial attorney provided
ineffective assistance of counsel by failing to ask for an instruction to disregard after the
trial court sustained his objection to extraneous offense evidence. We affirm.

 Anderson's first point of error contends it was error for the trial court to comment
on the appellant's right to remain silent. The comment in question occurred during defense
counsel's direct examination of the appellant's nephew. After establishing that the witness
and the complainant lived in the same subdivision, defense counsel asked, "Do you know
if Deryle ever lived at [the complainant's] house?" The witness responded in the
affirmative, and counsel inquired how the witness knew that the appellant resided with the
complainant. To the response, "Because they both told me they lived there," the State
objected that the response was "hearsay on at least one party." The trial court sustained
the objection. Then defense counsel asked, "Did . . . Deryle tell you that he was living
there?" The trial court sustained the State's hearsay objection. Addressing the Court,
defense counsel asked "I'm talking about the - - it's not hearsay if he asks it, is it?" The
trial judge responded, "You can get him to come sit right here and - - so, yeah, it is,
unless he's sitting on the stand. But, of course, you have every right not to have him
testify." For the first time on appeal, Anderson contends the trial court's response to
defense counsel's question "implied that the Appellant should come forward and waive his
rights to remain silent." We construe the appellant's complaint to be that the trial court
commented on his failure to testify.


 Neither the appellant nor the State addresses Anderson's failure to object or to
request an instruction to disregard. A plurality of the Court of Criminal Appeals held that
a comment by a trial judge that he would have preferred that the accused plead guilty
tainted the presumption of innocence and was error not waived by the appellant's failure
to object at trial. Blue v. State, 41 S.W.3d 129, 131-32 (Tex. Crim. App. 2000) (plurality
opinion). The Court noted the right involved could not be forfeited and that comments by
the judge carry particular weight with a jury. Id. In another case, however, the Court of
Criminal Appeals held that comments aimed at clarifying a point of confusion did not rise
to such a level as to bear on the presumption of innocence and were thus waived by the
appellant's failure to object at trial. Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim.
App. 2001). A complaint regarding a prosecutor's improper comment on the failure of
the accused to testify is subject to procedural default. Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004); Paster v. State, 701 S.W.2d 843, 849 (Tex. Crim. App. 1985). 
 It is improper for a judge to call attention to the defendant's silence because a
comment on the failure of the accused to testify violates the privilege against
self-incrimination and the freedom from being compelled to testify. Bustamante v. State,
48 S.W.3d 761, 764 (Tex. Crim. App. 2001). "To violate the right against
self-incrimination, the offending language must be viewed from the jury's standpoint and
the implication that the comment referred to the defendant's failure to testify must be
clear." Id. at 765. "The test is whether the language used was manifestly intended or was
of such a character that the jury would necessarily and naturally take it as a comment on
the defendant's failure to testify." Id. We must analyze the language used in the context
in which the comment was made. Id. "A mere indirect or implied allusion to the
accused's failure to testify does not violate appellant's rights." Patrick v. State, 906
S.W.2d 481, 490-91 (Tex. Crim. App. 1995).

 The trial court made the comment under review in response to a question by defense
counsel regarding the State's hearsay objection. It appears the trial court was trying to
assist counsel in appreciating the distinction between a hearsay statement and a prior
statement by a witness. See Tex. R. Evid. 801(d), (e)(1). In its context, the statement
was neither manifestly intended to be a comment on the defendant's silence nor was of
such character that the jury would necessarily take it as such. See Bustamante, 48 S.W.3d
at 767. Point of error one is overruled.

 Anderson's second point of error alleges guilt phase ineffective assistance of
counsel. A witness for the State testified that she drove the appellant to a house and
watched as the appellant smashed a window out of the front door, climbed through it
entering the house. Frightened, the witness left the appellant at the complainant's house,
picked up her family, and drove to her husband's father's home. The prosecutor asked the
witness why she went to her father-in-law's house. The witness responded, "Because I
was scared he was coming after us and, in fact, he was. He had stolen a car from a
friend--" [emphasis added]. Defense counsel objected on the ground that anything about
the car would be speculation on the part of the witness. The trial court sustained the
objection. Counsel did not request an instruction to disregard. On appeal, Anderson
contends his trial counsel was ineffective for failing to request an instruction to disregard
after the trial court sustained counsel's objection. Anderson argues that counsel's deficient
conduct prejudiced his defense because "in all probability, in the minds of the jurors, the
Appellant was tried for two felonies, Burglary of a Habitation and Theft of a vehicle."

 The appellant has the burden of proving by a preponderance of the evidence that:
(1) counsel's representation fell below an objective standard of reasonableness; and (2) the
deficient performance prejudiced the appellant. Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986). To establish the first prong, he must show "there is, in fact, no
plausible professional reason for a specific act or omission." Bone v. State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002). To establish the second prong, Anderson must show
a reasonable probability that, but for his counsel's unprofessional errors, the result of the
proceeding would have been different. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002). A "reasonable probability" is one sufficient to undermine confidence in the
outcome. Id.

 We find no need to address the first prong of the Strickland test, as Anderson fails
to establish any prejudice under the second prong. Anderson limits his complaints
regarding counsel's performance to the failure to request an instruction to disregard the
witness's speculative testimony that Anderson had stolen a car from a friend. According
to the witness, the appellant "had guns on us and he was telling me, 'Don't go to the cops'
and 'Don't leave me here,' and we did, so I was scared." That the jury was not told to
disregard a statement that the appellant stole a car does not undermine our confidence in
the outcome of the trial. Point of error two is overruled. The judgment is affirmed.

 AFFIRMED.





 ______________________________

 STEVE MCKEITHEN

 Chief Justice

Submitted on September 21, 2006

Opinion Delivered October 11, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.