NO. 07-07-0222-CR
                                                     NO. 07-07-0223-CR
                                                     NO. 07-07-0225-CR
                                                     NO. 07-07-0226-CR 

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C 

SEPTEMBER 23, 2008

______________________________


LINDSEY FORD JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
NOS. 2006-413,878, 2006-413,889, 2006-413,895, and 2006-414,532;
 HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


ORDER DENYING MOTION FOR EXTENSION


          Appellant, Lindsey Ford Jr., has filed a motion wherein he requests that this Court
grant him additional time to file a motion for rehearing in each of four appeals referenced
above.


 For the reasons stated, said motion is denied.
Discussion
          On June 24, 2008, this Court issued its opinion in No. 07-07-0222-CR, affirming
Appellant’s conviction for the offense of forgery. At the same time, this Court issued its
opinion in No. 07-07-0223-CR, 07-07-0225-CR, and 07-07-0226-CR, affirming Appellant’s
three convictions for the offense of burglary of a habitation. The judgment of this Court
was entered on the same day in each cause. On August 13, 2008, Appellant, acting pro
se, filed his Motion for Extention (sic) of Time, requesting that this Court grant him
additional time to file a motion for rehearing.
          A motion for rehearing may be filed within 15 days after the court of appeals’
judgment or order is rendered. Tex. R. App. P. 49.1. A court of appeals may extend the
time for filing a motion if a party files a motion complying with Rule 10.5(b) no later than 15
days after the last date for filing the motion for rehearing. Tex. R. App. P. 49.8. A motion
complies with Rule 10.5(b) if it states (A) the deadline for filing the item in question; (B) the
length of extension sought; (C) the facts relied on to reasonably explain the need for an
extension; and (D) the number of previous extensions granted regarding the item in
question. Tex. R. App. P. 10.5(b).
          The judgment of this Court was entered on June 24, 2008; therefore, the deadline
for filing a motion for rehearing was July 9, 2008. Appellant’s motion was filed on August
13, 2008, more than 15 days after the last date for filing the motion for rehearing. Because
Appellant’s motion for extension of time was not timely filed, we need not address whether
the motion complied with the requirements of Rule 10.5(b). 
          Appellant’s motion for extension of time is denied.


                                                                           Patrick A. Pirtle 

                                                                                 Justice 



Do not publish.




"font-size: 12pt">Discussion
          The adequacy of defense counsel's assistance is based on the totality of the
representation rather than isolated acts or omissions. Thompson v. State, 9 S.W.3d 808,
814 (Tex.Crim.App. 1999). Although the constitutional right to counsel ensures the right
to reasonably effective counsel, it does not guarantee errorless counsel whose
competency or accuracy of representation is judged by hindsight. Robertson v. State, 187
S.W.3d 475, 483 (Tex.Crim.App. 2006).
          Strickland v. Washington is the seminal case setting forth the standard for
ineffective assistance of counsel claims under the United States Constitution. 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court in Strickland established a two-pronged test for analyzing a claim of ineffective assistance of counsel. Reversal requires
an appellant demonstrate (1) counsel’s representation fell below an objective standard of
reasonableness and (2) the deficient performance prejudiced the appellant. 466 U.S. at
687, 104 S.Ct. at 2064. See also Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex.Crim.
App. 1986) (applying Strickland standard under Texas constitution). 
          The first prong of the Strickland test requires an appellant prove that counsel made
such serious errors that he did not function as the “counsel” guaranteed by the Sixth
Amendment. Strickland, 466 U.S. at 687, 104 S.Ct. 2064. Appellant must show that
counsel’s performance was unreasonable under prevailing professional norms and that the
challenged action was not sound trial strategy. 466 U.S. at 689-90, 104 S.Ct. at 2065-66. 
The second Strickland prong requires an appellant “show a reasonable probability that, but
for his counsel’s unprofessional errors, the result of the proceeding would have been
different.” Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). “Reasonable
probability” means probability of a degree sufficient to undermine confidence in the
outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. 
          An appellant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. Mitchell, 68 S.W.3d at 642. Our review of counsel’s
performance is highly deferential and a strong presumption exists that counsel’s conduct
fell within a wide range of reasonable professional assistance. Mallett v. State, 65 S.W.3d
59, 63 (Tex.Crim.App. 2001); see Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (noting
there are countless ways to provide effective assistance in any given case). To overcome
the presumption of reasonable professional assistance, any allegation of ineffectiveness
must be firmly rooted in the record. Thompson, 9 S.W.3d at 813-14. In the majority of
cases, the record on direct appeal is inadequate to show that counsel’s conduct fell below
an objectively reasonable standard of performance; thus, the better course is to pursue the
claim in habeas proceedings. Mitchell, 68 S.W.3d at 642. Absent evidence of counsel’s
reasons for the challenged conduct, we will not conclude the challenged conduct
constituted deficient performance unless the conduct was so outrageous that no competent
attorney would have engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex.Crim.App.
2001). 
          We turn first to appellant’s claim that counsel was ineffective by not requiring the
State to prove the enhancement paragraph’s allegation that he was convicted of robbery
in Lubbock County in January 2000. We find the claim without merit.
          Appellant plead “true” to the enhancement paragraph, and persisted in his plea after
the trial court’s admonitions concerning the effects of his plea. He points to no place in the
record showing that his lawyer was responsible for his decision to plead true. His brief
refers to his incomplete formal education,


 and asserts that he deferred to his lawyer’s
advice regarding trial strategy. But nothing in the record shows what his lawyer advised
appellant with regard to his plea to the enhancement allegation. For that reason alone, his
claim thus cannot be “firmly rooted in the record.” Thompson, 9 S.W.3d at 813-14. 
          Moreover, even if we assume his lawyer was responsible for the decision to plead
true, appellant points to nothing in the record suggesting the outcome of his trial would
have been different had he required the State to prove his Lubbock County robbery
conviction. 
          In support of his argument under this issue, appellant directs us to Lyons v.
McCotter, 770 F.2d 529 (5th Cir. 1985), a federal habeas proceeding in which the petitioner
successfully argued his Texas state court trial counsel rendered ineffective assistance
during his trial for aggravated robbery. The Fifth Circuit’s opinion says the State’s evidence
against Lyons was “far from overwhelming.” 770 F.2d at 533 n.5. During the guilt-innocence phase of trial, his counsel allowed evidence that Lyons had previously been
convicted of robbery and later paroled to be admitted without objection, and failed to
request an instruction limiting the jury’s consideration of that evidence. Id. at 534. The
appellate court found that the evidence would have been excluded on proper objection. Id.
In that circumstance, the court thus concluded counsel’s failure to object had no strategic
value and undermined the reliability of Lyons’ conviction. Id. 
          It can readily be seen that the circumstance in Lyons bears little resemblance to
appellant’s. Here, appellant plead guilty in each case and admitted the truth of the
enhancement offense on questioning by the trial court. Appellant does not contend that
evidence of the enhancement conviction would have been excludible had he plead “not
true” and his counsel objected to the evidence. Lyons does not assist appellant. We
overrule his first issue.
          In his second issue, appellant complains that his trial counsel failed to offer
evidence in mitigation of punishment. The record shows that after the State rested
appellant’s counsel requested and received a fifteen minute recess during which he and
appellant conferred. When trial resumed counsel announced appellant rested because
appellant chose not to testify and the defense would have no witnesses. The record does
not tell what, if any, mitigation evidence appellant possessed and why counsel chose not
to present this evidence if it existed. We will not speculate on the question, for, again, a
claim of ineffective assistance is “not built on retrospective speculation; [it] must be ‘firmly
founded in the record.’” Bone v. State, 77 S.W.3d at 828, 835 (Tex.Crim.App. 2002). And
the record must affirmatively demonstrate the ineffectiveness. Thompson, 9 S.W.3d at
813-14. The record here does not establish that counsel’s actions with regard to the
presentation of mitigating evidence were ineffective. Cf. Thompson, 9 S.W.3d at 814 n.6
(“in the vast majority of cases, the undeveloped record on direct appeal will be insufficient
for an appellant to satisfy the dual prongs of Strickland”). Without record evidence of what,
if any, mitigating evidence was available to appellant and counsel’s reasons for not offering
such evidence as existed, appellant is unable to overcome the presumption that counsel’s
conduct falls within the wide range of reasonable professional assistance. 
          Relying on Ex parte Gonzales, 204 S.W.3d 391 (Tex.Crim.App. 2006), appellant
argues his counsel was required to “make a minimal attempt to present” evidence in
mitigation of punishment. As the State points out, Gonzales was a habeas corpus
proceeding following the applicant’s conviction of capital murder and sentence of death. 
Id. at 393. Important to this discussion, the court in Gonzales was reviewing a well-
developed habeas record describing potential mitigation evidence as well as trial counsel’s
statement that his failure to investigate the described evidence was not strategic. Id. at
394-96. The court’s reference in Gonzales to facts developed in the habeas proceeding
underscores why direct appeal ordinarily does not present a record sufficient for a proper
Strickland review. For that reason, Gonzales actually supports our conclusion appellant’s
second issue also must be overruled, and we do so.
Conclusion
          Having overruled appellant’s two issues, we affirm the five judgments of the trial
court appellant challenged by this appeal.
 
                                                                           James T. Campbell

                                                                                      Justice

















Publish.