William MITCHELL, Appellant,

v.

The STATE of Texas.

No. 1485–00.

Court of Criminal Appeals of Texas, En Banc.

Jan. 30, 2002.

---

1. *See* Tex R.App. P. 21.4(a).

2. *See id.,* R. 21.8.

3. *See* Tex Gov't Code § 22.108.

Michael S. Raign, San Antonio, for appellant.

Betty Marshall, Assist. St. Att., Matthew Paul, State's Attorney, Austin, for state.

°WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HOLCOMB, and COCHRAN, JJ., joined.

The question in this case is whether the appellant has established his claim that he

was denied effective assistance of counsel because his attorney permitted him to wear, at the start of voir dire, a shirt that incriminated him. The record does not support his claim.

This case is before us a second time. On appeal, a panel of the Fourth Court of Appeals reversed the conviction because of the claim of ineffective assistance.[1] We granted review, reversed the judgment of the Court of Appeals, and remanded the case to that court so that it could determine whether the appellant had affirmatively demonstrated prejudice.[2] On remand, the Court of Appeals *en banc* held that the appellant was prejudiced by his counsel's error, and entered a judgment of reversal.[3] The State petitioned for discretionary review, which we granted. We shall reverse and remand.

■■■ All agree that the legal standard was provided by the United States Supreme Court in *Strickland v. Washington.*[4] First, the appellant must show that his counsel's performance was deficient.[5] This means that the appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms.[6] Second, the appellant must show that the deficient performance prejudiced his de-

fense. This means that the appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.[7]

■■■ Generally the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard.[8] The reasonableness of counsel's choices often involves facts that do not appear in the appellate record. A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims.[9] In this case, however, we are concerned only with the second step of the analysis, whether the appellant was prejudiced by his attorney's error. The record in this case is sufficient for us to resolve the issue.

■■■ The State argues that the court of appeals erred by holding that the appellant's trial counsel was deficient because the record does not show that his action was not a tactical decision. The State is foreclosed from raising that argument at this stage of the process. In its petition for discretionary review of the first deci-

---

1. *Mitchell v. State,* 974 S.W.2d 161, 167 (Tex. App.-San Antonio 1998) (presuming prejudice from ineffective assistance).

2. *Mitchell v. State,* 989 S.W.2d 747, 748–49 (Tex.Cr.App.1999).

3. *See Mitchell v. State,* 23 S.W.3d 582, 588–89 (Tex.App.-San Antonio 2000).

4. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5. *Strickland,* 466 U.S. at 687.

6. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Cr.App.1996).

7. *Strickland,* 466 U.S. at 687; *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Cr.App.1986).

8. *See Ex parte Duffy,* 607 S.W.2d 507, 512–13, 517–18 (Tex.Cr.App.1980) (noting that alleged errors of omission often require explanation beyond that contained in the record); *see also Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex.Cr.App.1999).

9. We do not apply the general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal in this situation. "In most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims." *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Cr.App.1997).

sion of the Court of Appeals, the State conceded that counsel's performance was deficient.[10] Our reversal of the first decision was because the Court of Appeals incorrectly presumed that the deficiency was prejudicial.[11] It is too late for the State to reverse its position on the deficiency-of-performance part of the *Strickland* standard. Only the prejudice part of the standard is before us today.

The Court of Appeals held that since the venire saw the appellant in the shirt, the entire trial was so infected with the error that the presumption of innocence was tainted from the beginning.[12] The State argues that because the record fails to reflect that the outcome of the proceeding would have been different without the error, the court erred by holding that the appellant was prejudiced. The appellant responds that the record is sufficient to show prejudicial, ineffective assistance of counsel. The question of prejudice turns on the facts that the record shows.

The appellant was undoubtedly harmed by proof that he chose to wear a shirt like that the robber wore, and by the jury's seeing him with the shirt on in the courtroom. But the record shows that the proof was independent of the appellant's wearing the shirt to court, and that counsel could not have prevented the wearing of the shirt in the courtroom.

■ The crucial fact is that the appellant was wearing the shirt by his own choice the day after the robbery when he was arrested and taken to jail. The fact that he was arrested in the shirt was in evidence independent of his wearing it in front of the venire. Officer McGhee testified that he was wearing that shirt when he was arrested, and Detective Ward, who interviewed the appellant at the station, also testified that he was wearing the shirt. Ms. Spiegel, the custodian of property that is brought to jail by detainees, brought the shirt to court and testified to its chain of custody. The shirt was introduced into evidence without objection. The appellant did not object to any of this testimony, and all this evidence could have come in whether or not he wore the shirt to court. This would have proved that the appellant was known to wear a shirt like the robbers. When "the same evidence is introduced from another source, without objection, the defendant is not in position to complain on appeal."[13] The similarity between the shirt in which the appellant was arrested and the shirt shown in the videotape of the robbery, as well as the appellant's confession, also weigh against a finding of prejudice to the appellant from wearing the shirt before the venire.

The appellant came to court in the shirt because he had no other clothes than his jail uniform, and the State's action was directed to avoiding the prejudicial effect of his appearing in jail garb.[14] But if he had come in his jail uniform, or if he had had other clothes, the State could have required him to wear the shirt before the

10. *See Mitchell,* 23 S.W.3d at 588 ("In the State's petition for discretionary review the State conceded that: 'The error in the instant case may or may not have been "egregious," but it was ineffective to not notice and timely object to the defendant appearing for trial in the same T-shirt he wore to commit the offense. ... We do believe that the error in the instant case was harmless.' ").

11. *Mitchell,* 989 S.W.2d at 748–49.

12. *Mitchell,* 23 S.W.3d at 588.

13. *Hughes v. State,* 878 S.W.2d 142, 156 (Tex. Cr.App.1992).

14. *See Mitchell,* 989 S.W.2d at 748 ("any state action in this case was directed toward preventing appellant from standing trial in jail clothes.").

jury.[15] The appellant could not have avoided the harmful effect of wearing the shirt even if he had come to court in other clothes.

That the jury saw the appellant in the shirt during voir dire does not show a reasonable probability that the result of the proceeding would have been different but for his counsel's performance. The appellant has failed to affirmatively show that he was prejudiced by his counsel's performance.

We vacate the judgment of the Fourth Court of Appeals and remand this cause for consideration of the appellant's remaining points of error.

HERVEY, J., did not participate.

MEYERS, J., dissenting with note.

I respectfully dissent in accordance with my dissenting opinion in *Mallett v. State*, 65 S.W.3d 59 (Tex. Crim. App.2001).

---

**15.** *See Taylor v. State*, 474 S.W.2d 207, 210 (Tex.Cr.App.1971)("And it has been held proper *during* a trial to require the defendant to stand, put on a hat, remove his glasses or make a footprint for the purpose of identification"); *Holder v. State*, 837 S.W.2d 802 (Tex. App.-Austin 1992, pet. ref'd); Timothy E. Travers, Annotation, *Propriety of Requiring Criminal Defendant to Exhibit Self, or Perform Physical Act, or Participate in Demonstration, During Trial and in Presence of Jury*, 3 A.L.R.4th 374 § 25 (Supp.2001).