Affirmed and Opinion filed _____________, 2002
















Affirmed and Opinion
filed February 20, 2003.                                                           

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00202-CR

____________

 

ALBERTO FABILA,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 338th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 873,930 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

A jury convicted appellant of aggravated assault on a public
servant and assessed punishment at six years’ confinement.  The facts of this appeal are known to the
parties, so we do not recite them here. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion.  See Tex. R. App. P. 47.1.  We affirm. 


Legal and Factual Sufficiency

            Appellant challenges the legal and factual sufficiency of
the evidence to sustain his conviction.  We apply the usual standards of review.  See Reyes v. State, 84 S.W.3d
633, 636 (Tex. Crim. App. 2002) (legal sufficiency); King v. State, 29
S.W.3d 556, 563 (Tex. Crim. App. 2000) (factual sufficiency).

Appellant points to several conflicts in the testimony given
by Officers Gamboa and Gonzalez, appellant, and appellant’s friend Samuel
Salazar; he argues these inconsistencies render the evidence insufficient.  But all the conflicts he cites concern the
locations of appellant, the officers, and several other men involved in the
altercation before appellant drew his gun, matters that have little relevance
to whether appellant drew his gun and pointed it at Officer Gamboa.  It is true the testimony of appellant and Gamboa
conflicted on this latter point, and on whether Gamboa’s finger injury was caused
by a bullet or ejected shell-casing from the gun.  But he does not indicate why the jury had to
believe one rather than the other.  A
jury is entitled to accept one version of the facts and reject another.  See
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  Thus, we find the evidence was both legally
and factually sufficient to support appellant’s conviction, and overrule his
first two points of error.

Hearsay

            In his third point of error,
appellant contends the trial court erred in overruling his hearsay objection to
the rebuttal testimony of Officer Javier Avila, who testified that appellant’s
friend Salazar told him the appellant pulled out his pistol and said “what’s
the matter, I don’t owe you anything” to Gamboa.  Defense counsel objected on numerous grounds,
one of which was hearsay.

            The State does not attempt to
justify admission on the basis of any hearsay exception.  Assuming admission was error, we may reverse
on this basis only if appellant’s substantial rights were affected.  Tex.
R. Evid. 103(a).  We think they
were not.  At trial, appellant admitted
drawing his gun, and Gamboa, Avila,
and Salazar testified appellant asked Gamboa why he was interfering in the
altercation.  In these circumstances the admitted
statement could have only a slight or no influence on the jury’s verdict.  See
Hayes v. State, 85 S.W.3d 809, 816 (Tex. Crim. App. 2002).  We overrule appellant’s third point of error.

Ineffective Assistance of Counsel

            In his final point of error,
appellant argues trial counsel’s closing argument at the punishment phase of
the trial rendered him ineffective.  To prove ineffective assistance, appellant
must demonstrate both objectively deficient performance by his attorney and a
reasonable probability of prejudice. 
Strickland v. Washington, 466 U.S.
668, 694, 104 S. Ct. 2052, 2064–65 (1984); Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). 

The prosecutor argued during closing arguments that probation
“is not for somebody that intentionally and knowingly tries to kill a uniformed
Houston police officer.”  Appellant’s counsel began his closing
immediately thereafter by arguing the State did not truly believe that is what
happened because, in that case, appellant would have been charged with
attempted capital murder.[1]  We disagree with appellant that the argument
can reasonably be construed that counsel was suggesting appellant was guilty of
attempted capital murder.  Instead, it is
a perfectly logical argument, and thus falls within the zone of reasonable
trial strategy.  See Strickland, 466 U.S.
at 694.   Thus, we overrule appellant’s final point of
error.

The judgment is affirmed.

                                                                        ____________________________                                                                                             Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Opinion filed February 20,
 2003.

Panel
consists of Chief Justice Brister and Justices Edelman and Seymore.

Do
Not Publish — Tex. R. App. P. 47.2(b).











[1] [Defense
Counsel]:            With all due respect
to both families, the charge for trying to kill -- intentionally and 

knowingly
trying to kill a police officer is called attempted capital murder.

  [The
Prosecutor]:               Objection.

  [The Court]:                        I’ll overrule that
objection.

  [Defense Counsel]:            That’s the law. 
The law says the charge for trying, intentionally and knowingly, to kill
a Houston police officer, or any
other public servant, is attempted capital murder.

  [The Prosecutor]:               Objection. 
Improper argument.

  [The Court]:                        I’m
going to sustain the objection in that it’s outside the record.  You may proceed.

  [Defense Counsel]:            You have by your verdict convicted Alberto Fabila of the
charge of aggravated assault on a police officer.