Affirmed and Memorandum Opinion filed August 5, 2003















Affirmed and Memorandum
Opinion filed August 5, 2003.                                                  

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01021-CR  

____________

 

JOHN RENE ROBERTS,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 10th District Court

                                                        Galveston
 County, Texas                    

Trial Court Cause No.
01CR1205




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Although charged with
murder, a jury found appellant guilty of the lesser-included offense of
manslaughter and assessed punishment at twelve years’ confinement.  In a single issue, appellant argues he
received ineffective assistance of counsel. 
The facts of this appeal are known to the parties; we do not recite them
here.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.  We affirm.

            To succeed on his complaint, appellant must demonstrate both objectively
deficient performance by his attorney and a reasonable probability of
prejudice.  See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2064–65 (1984); Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).  Generally, counsel should
be given the opportunity to explain his actions before being condemned as
unprofessional and incompetent.  See Bone v. State, 77
S.W.3d 828, 836 (Tex. Crim. App. 2002).  An ineffectiveness claim must be
firmly founded in the record.  See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  

Here, appellant argues his counsel was ineffective in
not objecting to testimony (and consequently, not requesting a limiting
instruction or mistrial) of appellant’s drinking habits and his previous attack
on his wife (resulting in her broken arm). 
Appellant contends both were irrelevant to his prosecution for murder,
and that the latter was an extraneous offense. 
The record before us is silent regarding why counsel failed to object:
there was no motion for new trial, nor was defense counsel given an opportunity
to explain himself.  See Bone, 77 S.W.3d at 836.  In its brief, the State points to portions of
the record indicating the door had already been opened on these issues, and
thus defense counsel had no basis for objecting to them later.  Moreover, the State suggests other possible
trial strategies for the failure to object: to explain appellant’s relationship
with the complainant’s fiancé and her family, and to
discredit the testimony of the complainant’s fiancé by having appellant’s wife
testify he had never broken her arm.  We
find this is not one of those rare cases in which the evidence overcame the
presumption that counsel's inaction was part of a strategic
plan.  See id.; Tong v. State, 25 S.W.3d 707, 713 (Tex. Crim. App. 2000).  The judgment is affirmed.

                                                                                                

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

Judgment
Rendered and Memorandum Opinion filed August
 5, 2003.

Panel consists
of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish –
Tex. R. App. 47.2(b)