In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-178 CR


NO. 09-04-179 CR


____________________



EZRA DONNELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause Nos. 24,045 and 24,046






OPINION


 Ezra Donnell appeals convictions for arson and retaliation. The appellant entered
open pleas of guilty. In Cause No. 24,045 (Appeal No. 09-04-178 CR), the trial court
sentenced Donnell to thirty-five years of confinement in the Texas Department of Criminal
Justice, Correctional Institutions Division. In Cause No. 24,046 (Appeal No. 09-04-179
CR), the trial court assessed punishment at ten years of imprisonment. In three points of
error, the appellant claims he was denied counsel at a critical stage of the proceedings,
asserts he was not competent at the time of the offense, and contends trial counsel was
ineffective. We affirm. 

 Donnell contends he was denied counsel during the time period for filing a motion
for new trial. See Tex. R. App. P. 21.4(a). Once appointed, trial counsel represents an
indigent defendant until charges are dismissed, the defendant is acquitted, appeals are
exhausted, or the attorney is relieved of his duties by the court or is replaced by another
attorney. Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2004). Appointed
counsel represented Donnell at trial. After the trial court sentenced the appellant on March
23, 2004, trial counsel did not request leave to withdraw. Donnell filed a pro se notice of
appeal and request for appointment of new counsel on April 19, 2004. The trial court
appointed appellate counsel the next day, April 20, 2004. Thus, Donnell was represented
by counsel the entire thirty days after sentencing. 

 The appellant claims he was denied effective assistance of counsel for twenty-eight
of the thirty days in which to file a motion for new trial. His argument is not supported
by the record. Unless the record affirmatively shows otherwise, we must presume that the
appellant's trial counsel continued to represent him and that counsel acted effectively. 
Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (opinion on reh'g). When
a motion for new trial is not filed in a case, the rebuttable presumption is that it was
considered by the appellant and rejected. Id. The pro se notice of appeal indicates
Donnell was aware of some of his appellate rights, and we presume he was adequately
counseled unless the record affirmatively displays otherwise. Id. 

 Donnell argues he rebutted the presumption because he had previously written to
the judge and complained that his attorney had been coming to visit with him at the
attorney's leisure, had talked to someone in the District Attorney's office, and had declined
to file a motion for a reduction in pre-trial bond. These letters reveal nothing of counsel's
actions during the period of time at issue, nor do they establish ineffective assistance
during the period of time in which the letters were composed. We hold that appellant has
failed to overcome the presumption that he was adequately represented by counsel during
the time for filing a motion for new trial. Point of error one is overruled. 

 Point of error two urges "Appellant was not competent at the time of the offense."
Donnell also argues he was not competent at the time of his plea. Insanity is an affirmative
defense that must be formally noticed. Tex. Pen. Code Ann. § 8.01 (Vernon 2003); Tex.
Code Crim. Proc. Ann. art. 46.03, § 2 (Vernon 1979 & Supp. 2004). The appellant did
not raise the defense of insanity at trial, and may not do so now. Tex. R. App. P. 33.1(a). 

 The appellant also argues the trial court should have conducted an inquiry into the
appellant's competence. See Tex. Code Crim. Proc. Ann. art. 46B.004(c) (Vernon Supp.
2004). During the plea proceeding, Donnell denied having ever been committed to a
mental institution or to the care of a psychiatrist. The trial court asked Donnell if he
understood the proceedings, if he knew the difference between right and wrong, if he
understood all the questions the judge had asked, and if there was anything he wanted the
judge to go over again or ask in a different way. When appellant made appropriate
responses to the questions, the trial court found him to be competent. The trial court asked
Donnell if he claimed the defense of insanity, and Donnell replied, "I guess not. I was
trying to find my little girl and they wouldn't tell me where she was at. I mean, I don't
understand that." On appeal, Donnell suggests this response should have alerted the judge
to the possibility of an issue regarding competence. We disagree. The defendant appears
to be explaining the chain of events resulting in the arson and retaliation prosecutions. 
Such a comment might be ineffective but is not irrational. We hold the trial court did not
abuse its discretion in not conducting further inquiry into the competency of the accused. 
Point of error two is overruled. 

 The final point of error asserts ineffective assistance of counsel. The appellant has
the burden of proving by a preponderance of the evidence that (1) counsel's representation
fell below an objective standard of reasonableness and (2) the deficient performance
prejudiced the appellant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984). Any allegation of ineffective assistance must be firmly founded
in the record. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The
appellant must establish there is no plausible professional reason for a specific act or
omission. Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). In most cases,
a silent record will not overcome the strong presumption of reasonable assistance. 
Thompson, 9 S.W.3d at 814. Appellant must also show that the deficient performance
prejudiced the defense; that is, the appellant must show a reasonable probability that, but
for his counsel's unprofessional errors, the result of the proceeding would have been
different. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). To
successfully attack a guilty plea on ineffective assistance grounds, the appellant must show
the alleged deficiencies caused his plea to be unknowing and involuntary. Rodriguez v.
State, 899 S.W.2d 658, 666 (Tex. Crim. App. 1995).

 Donnell bases his complaint on counsel's failure to assert the insanity defense or to
request the competency hearing, which is the issue presented in point of error two, on
counsel's failure to withdraw so new counsel could be appointed, and upon counsel's
failure to file a motion for bond reduction and to adequately communicate with his client.
Testimony suggests the appellant experienced significant substance abuse and anger
management issues, but the appellant does not direct our attention to evidence that would
support an insanity defense or that would indicate Donnell was not mentally competent
when he pleaded guilty. The appellant testified at length, and was able to communicate
clearly, if not convincingly, about his behavior and his rationalizations for that behavior. 

 Appellant does not explain what evidence would have been adduced at a hearing on
a motion for new trial, had counsel withdrawn and new counsel been appointed. Our
record does not reveal the nature and extent of the communication between trial counsel
and client, although the letters in the record suggest there had indeed been communication
between the two, and that Donnell did not like what he heard. The record does include
testimony that during book-in, the appellant called his father, asked to be bonded out, and
indicated he intended to shoot his mother-in-law in the head. There is substantial
testimony of violent and threatening behavior towards the appellant's ex-wife and her
family, and testimony that the appellant removed his prosthetic leg and used it to smash
a window in the jail. It appears his prospects for a bond reduction were not good. We
hold that Donnell failed to establish that counsel was ineffective. Point of error three is
overruled. The judgments are affirmed.

 AFFIRMED.




 ____________________________

 STEVE MCKEITHEN

 Chief Justice


Submitted on October 13, 2004

Opinion Delivered October 27, 2004

Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.