Opinion issued January 27, 2005














In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00072-CR




EDWARD MERVYN PITTMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 942850




MEMORANDUM OPINION
          Appellant, Edward Mervyn Pittman, pleaded not guilty to the felony offense
of possession of a controlled substance, namely cocaine, weighing more than four
grams and less than 200 grams, with intent to deliver,


 and pleaded true to an
enhancement paragraph that alleged a prior conviction for unauthorized use of a
motor vehicle. The jury found appellant guilty. The trial court found the allegation
in the enhancement paragraph to be true, and assessed punishment at 22 years in
prison. In his sole point of error, appellant contends that he was denied the effective
assistance of counsel because his trial counsel did not object to the State’s use of
remote prior convictions to impeach appellant’s testimony. We affirm.         Background
          Appellant was arrested on March 19, 2003 pursuant to outstanding warrants for
his arrest, after Houston Police Officers Hooper and Eames observed him committing
a traffic violation. In a search incident to appellant’s arrest, Officer Hooper found a
plastic bag containing powdered cocaine in appellant’s waistband and $900 in
appellant’s pants pocket. During the inventory search of appellant’s truck, Houston
Police Officer Stevens found a fully loaded magazine clip for a .9 mm gun, a bag
containing two “cookies” of crack cocaine, and a bag containing marihuana. 
          At trial, a chemist testified that the three substances found in appellant’s
possession were 55.9 grams of powdered cocaine, 35.7 grams of crack cocaine, and
19.7 grams of marihuana. An investigator with the Houston Police Department’s
narcotics division testified that the quantity of the cocaine in appellant’s possession
was a distributive amount for sale rather than personal use. When appellant testified
at trial, he admitted that the cocaine belonged to him, but he did not admit that he
intended to deliver the cocaine. Appellant testified on November 4, 2003. He was
cross-examined with, and acknowledged having received, sentences for prior
convictions that occurred ten years and two days before his trial testimony,
specifically, concurrent sentences of seven years’ imprisonment on November 2, 1993
for aggravated assault and unauthorized use of a motor vehicle.Ineffective Assistance of Counsel
          Appellant contends that his trial counsel was ineffective by not objecting on
the grounds that the prior convictions used to impeach him were remote because they
occurred more than ten years before his trial testimony. Under our Rules of Evidence,
prior convictions are generally not admissible to impeach a witness if more than ten
years has elapsed since the date of the conviction or the release of the witness from
confinement imposed for the conviction, whichever is the later date. Tex. R. Evid.
609(b).


 
          To prevail on a claim of ineffective assistance of counsel, the defendant must
show that (1) his counsel’s performance was deficient and (2) a reasonable
probability exists that the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first
prong of Strickland requires the defendant to show that counsel’s performance fell
below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). Thus, the defendant must prove objectively, by a
preponderance of the evidence, that his counsel’s representation fell below
professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). The second prong requires the defendant to show a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding would have
been different. See Strickland, 466 U.S. at 693-94; see also Thompson, 9 S.W.3d at
812.  A reviewing court must indulge a strong presumption, however, that counsel’s
conduct falls within the wide range of reasonable professional assistance; that is, the
defendant must overcome the presumption that, under the circumstances, the
challenged action “might be considered sound trial strategy.” Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065. Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 813 (citing McFarland v. State, 928 S.W.2d
at 500). Under normal circumstances, the record on direct appeal will not be
sufficient to show that counsel’s representation was so deficient and lacking in
tactical or strategic decision making as to overcome the presumption that counsel’s
conduct was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).
          Although the trial record affirmatively shows that prior convictions occurred
over ten years from the time of appellant’s trial testimony, the record is silent
concerning the date of appellant’s release from prison for those convictions. 
Accordingly, appellant has not established that his convictions would have been
inadmissible due to remoteness under the Rules of Evidence. See Tex. R. Evid. 609
(b) (stating that conviction not remote if witness released from prison within ten years
from testimony). Because appellant did not file a motion for new trial or request a
hearing for a motion for new trial, the record before us is silent concerning trial
counsel’s reasons for not objecting to the prior convictions on the grounds of
remoteness. See Mayhue v. State, 969 S.W.2d 503, 511 (Tex. App.—Austin 1998,
no pet.) (citing Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) (holding
defendant may raise ineffective assistance of counsel claim and develop record in
proceeding on motion for new trial)). We conclude that appellant has not met his
burden of proving by a preponderance of the evidence that his trial counsel was
ineffective by not objecting that appellant’s convictions were remote. See Mitchell,
68 S.W.3d at 642. Accordingly, we overrule appellant’s sole point of error.Conclusion
          The judgment of the trial court is affirmed.


 
 
                                                             Elsa Alcala
                                                             Justice


Panel consists of Justices Nuchia, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.4.