In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-080 CR


____________________



GEORGE EARL ZEIGLER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B050419-R






MEMORANDUM OPINION


 George Earl Zeigler appeals his conviction and eight-year sentence for forgery. 
Zeigler entered an open plea and pled true to the State's enhancement allegations. He filed
a motion for new trial, but did not allege ineffective assistance of counsel. The motion
was overruled by operation of law without a hearing having been conducted. The sole
issue raised on appeal asserts ineffectiveness of trial counsel. Because the appellate record
does not establish counsel's ineffectiveness, we affirm.

 Under the two-pronged test articulated by the United States Supreme Court and
adopted by the Court of Criminal Appeals, the appellant has the burden of proving by a
preponderance of the evidence that: (1) counsel's representation fell below an objective
standard of reasonableness; and (2) the deficient performance prejudiced the appellant. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To establish the first
prong, he must show "there is, in fact, no plausible professional reason for a specific act
or omission." See Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). "Any
allegation of ineffectiveness must be firmly founded in the record[.]" Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In most cases, a silent record will not
overcome the strong presumption of reasonable assistance. Id. at 814. To establish the
second prong, Zeigler must show a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. See Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

 Zeigler bases his claim on a supposed lack of adequate investigation. By pleading
guilty without the benefit of a plea bargain agreement, Zeigler essentially threw himself
upon the mercy of the court. Zeigler contends trial counsel must have been ineffective
because he presented no mitigating evidence during the punishment hearing. He does not
discuss the evidence that defense counsel could have brought to the attention of the trial
court. Appellant did not request that the pre-sentence investigation report be included in
the clerk's record, but during the punishment hearing, the prosecutor mentioned that
Zeigler had six prior felony convictions and victimized his own mother in committing the
offense on trial.

 Appellant did not present his claim of ineffective assistance in his motion for new
trial. Thus, we do not have the benefit of a hearing in which trial counsel had the
opportunity to explain his trial strategy and to describe his investigation of the case. 
Because the record does not show that mitigating evidence existed or that counsel's failure
to present a more forceful argument in punishment was not based upon sound trial
strategy, Zeigler failed to establish deficient conduct by trial counsel. See Bone, 77
S.W.3d at 834-35; Thompson, 9 S.W.3d at 813-14. Furthermore, nothing in the record
suggests trial counsel's performance negatively affected the outcome of the case. Zeigler's
issue is overruled and the judgment is affirmed.

 AFFIRMED.




 ______________________________

 STEVE MCKEITHEN

 Chief Justice


Submitted on September 5, 2006

Opinion Delivered October 4, 2006

Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.