Opinion filed February 12, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 12,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00203-CR

                                                       ________

 

                                      JOEY
LINN MAYO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 128th District Court

 

                                                         Orange
County, Texas

 

                                                Trial
Court Cause No. A050448R

 



 

                                             M
E M O R AN D U M   O P I N I O N

Joey
Linn Mayo appeals his conviction by the trial court, upon his plea of guilty,
of the offense of tampering with governmental records.  The trial court
assessed his punishment at two years confinement in a state jail facility and a
$10,000 fine.  He contends in a single point of error that he did not receive
effective assistance of counsel as provided for in the Sixth Amendment of the
United States Constitution.  We affirm.








In
order to prevail on his claim of ineffective assistance of counsel, an
appellant must first show that his counsel=s
performance was deficient.  Strickland v. Washington, 466 U.S. 668, 687
(1984); Bone v. State, 77 S.W.3d 828, 832 (Tex. Crim. App. 2002).  An
appellant must prove, by a preponderance of the evidence, that his counsel=s representation fell below
the objective standard of professional norms.  Mitchell v. State, 68
S.W.3d 640, 642 (Tex. Crim. App. 2002).  Second, an appellant must show
a reasonable probability that, but for his counsel=s unprofessional errors, the result of the
proceeding would have been different.  Id.  A Areasonable probability@ is one sufficient to undermine confidence in
the outcome.  Id.

Our
review of defense counsel=s
representation is highly deferential and presumes that counsel=s actions fell within the
wide range of reasonable and professional assistance.  Bone, 77 S.W.3d
at 832.  Under normal circumstances, the record on direct appeal will not be
sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision- making as to overcome the presumption that counsel=s conduct was reasonable
and professional.  Id.  Rarely will the trial record contain sufficient
information to permit a reviewing court to fairly evaluate the merits of such a
serious allegation.  Id.

Mayo
contends that his counsel was ineffective because counsel did not present any
evidence at his sentencing hearing on April 25, 2007, and because counsel
failed to investigate and present evidence as to whether proper notice of a sentencing
hearing that was held on May 31, 2006, had been given.  He also complains that
his counsel should have requested that the May 31, 2006 sentencing hearing be
continued on the basis that there was no showing that he had been given notice
of the hearing.     

We
first note that, at the May 31, 2006 hearing, counsel for Mayo asked for a
continuance to a time when Mayo could be present.  Counsel indicated that he
had talked to Mayo the day before the hearing and that Mayo knew to be there. 
Mayo does not refer us to any evidence in the record as to what investigation,
if any, Mayo=s counsel
conducted with respect to the sentencing hearing or any evidence as to why
counsel called no witnesses to testify at the sentencing hearing set on
April 25, 2007.  Further, Mayo does not refer us to any record showing
what witnesses, if any, were available to call on his behalf at the sentencing
hearing nor evidence showing what the testimony of such witnesses would have been. 
We conclude that this case falls into the majority of cases in which the record
on direct appeal is insufficient to support Mayo=s
claim.








Mayo
relies upon the case of Smith v. State, 894 S.W.2d 876 (Tex. App.CAmarillo 1995, pet. ref=d), a case in which the
court reversed Smith=s
conviction on the basis of ineffective assistance of counsel due to counsel=s failure to ascertain the
facts of the case or to seek out and interview potential witnesses.  Id.
at 879-80.  We find that case to be distinguishable because in Smith there
was evidence presented with respect to his counsel=s conduct at the hearing on Smith=s motion for new trial.  Id.
at 878-79.  We overrule Mayo=s
sole point of error.

The
judgment is affirmed.

 

PER CURIAM

 

February 12,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.