**Opinion filed February 12, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-07-00203-CR

————

## JOEY LINN MAYO, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 128th District Court**

**Orange County, Texas**

**Trial Court Cause No. A050448R**

### MEMORANDUM OPINION

Joey Linn Mayo appeals his conviction by the trial court, upon his plea of guilty, of the offense of tampering with governmental records. The trial court assessed his punishment at two years confinement in a state jail facility and a $10,000 fine. He contends in a single point of error that he did not receive effective assistance of counsel as provided for in the Sixth Amendment of the United States Constitution. We affirm.

In order to prevail on his claim of ineffective assistance of counsel, an appellant must first show that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bone v. State*, 77 S.W.3d 828, 832 (Tex. Crim. App. 2002). An appellant must prove, by

a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Second, an appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Id.*

Our review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone*, 77 S.W.3d at 832. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Id.* Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.*

Mayo contends that his counsel was ineffective because counsel did not present any evidence at his sentencing hearing on April 25, 2007, and because counsel failed to investigate and present evidence as to whether proper notice of a sentencing hearing that was held on May 31, 2006, had been given. He also complains that his counsel should have requested that the May 31, 2006 sentencing hearing be continued on the basis that there was no showing that he had been given notice of the hearing.

We first note that, at the May 31, 2006 hearing, counsel for Mayo asked for a continuance to a time when Mayo could be present. Counsel indicated that he had talked to Mayo the day before the hearing and that Mayo knew to be there. Mayo does not refer us to any evidence in the record as to what investigation, if any, Mayo's counsel conducted with respect to the sentencing hearing or any evidence as to why counsel called no witnesses to testify at the sentencing hearing set on April 25, 2007. Further, Mayo does not refer us to any record showing what witnesses, if any, were available to call on his behalf at the sentencing hearing nor evidence showing what the testimony of such witnesses would have been. We conclude that this case falls into the majority of cases in which the record on direct appeal is insufficient to support Mayo's claim.

Mayo relies upon the case of *Smith v. State*, 894 S.W.2d 876 (Tex. App.—Amarillo 1995, pet. ref'd), a case in which the court reversed Smith's conviction on the basis of ineffective assistance of counsel due to counsel's failure to ascertain the facts of the case or to seek out and interview potential witnesses. *Id.* at 879-80. We find that case to be distinguishable because in

2

*Smith* there was evidence presented with respect to his counsel's conduct at the hearing on Smith's motion for new trial. *Id.* at 878-79. We overrule Mayo's sole point of error.

The judgment is affirmed.

PER CURIAM

February 12, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Strange, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.