Opinion issued February 16, 2012


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00068-CR

———————————

JOEL MILLS, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 262nd District
Court

Harris County, Texas



Trial Court Case No. 1272675

 



 

MEMORANDUM OPINION

A
jury found appellant Joel Mills guilty of possession of cocaine[1]
and the court assessed his punishment at four years’ confinement and a $5,000
fine.  Mills’s
single point of error contends that his court-appointed attorney’s failure to
object to or otherwise limit testimony that he was a drug dealer deprived him
of his Sixth Amendment right to effective assistance of counsel.  We affirm.

Background

Mills was
transported by ambulance to Ben Taub Hospital pursuant
to a “person down” call.  Houston Police
Department Officer Mark Knockaert, who responded to the
call and accompanied Mills to the hospital, did not search Mills, aside from a cursory pat down that yielded no results.  Once Mills was admitted, Officer Knockaert left the hospital.  Mills was still unresponsive at that time.

In the course of caring for Mills,
Nurse Trisha Small observed that Mills “appeared to be under the influence of
something.”  Mills confided to her that
he had “dope” in his pants but Small could not find any.  Mills himself then retrieved a small plastic
bag from his waistband, handed it to Small, and asked her to hold it for
him.  The bag held several white nuggets,
later determined to be 0.3 grams of crack cocaine.  Small asked Mills if he had used the
substance and he responded, “No.  I don’t
do crack.  I sell it.”  Small turned the bag over to Nurse Jo
Robertson, her supervisor, and the two of them counted the nuggets and placed
them in a bio‑hazard bag.  Officer Knockaert was summoned back to the hospital; after he
tagged the bag, he delivered it to the HPD evidence room.  

Mills was subsequently arrested and
indicted for possession of less than one gram of cocaine.  The court appointed Hattie Sewell Shannon to
serve as his defense counsel. 

          Mills
plead not guilty and requested a jury trial for the guilt-innocence phase.  During trial, when asked by the State if
Mills said anything to her after he pulled the cocaine from his waistband,
Nurse Small replied, “Well, I asked him if that is what he had done; and he
said, ‘No.  I don’t do crack.  I sell it.’” 
Mills’s counsel objected to Small’s answer as
nonresponsive and the court sustained the objection.  Nurse Small was asked
about this again later, and Small again responded, “Well, I asked him if he
had done [the cocaine], he told me, no, that he sells it.”  This time Mills’s trial
counsel did not object.  In its closing
argument the State twice referred to Nurse Small’s testimony, but the
defendant’s trial counsel objected only when the State argued that Mills
intended to sell the cocaine.  

Standard of Review

The Constitutions of
the State of Texas and the United States, as well as a Texas statute, guarantee
an accused the right to reasonably effective assistance of counsel.  U.S. Const.
amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (West Supp. 2011);
see Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052,
2063 (1984); Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  Proof of ineffective assistance of counsel
requires a defendant to show that (1) trial counsel’s representation fell below
an objective standard of reasonableness, based on prevailing professional
norms, and (2) there is a reasonable probability that the result of the
proceeding would have been different but for trial counsel’s deficient
performance.  See
Strickland, 466 U.S. at
687–95, 104 S. Ct. 2064–69; Hernandez v. State, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986) (applying Strickland
test to review claim of ineffective assistance of counsel under Texas statutes
and constitutional provisions.).

“Reasonable
probability” means a “probability sufficient to undermine confidence in the
outcome.”  Strickland, 466 U.S. at 694, 104 S. Ct. at
2068; Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002). 
This requires showing “a reasonable probability that, absent the errors,
the factfinder would have had a reasonable doubt
respecting guilt,” not merely “that the errors had some conceivable effect on
the outcome of the proceeding.”  Ex Parte Martinez,
330 S.W.3d 891, 901 (Tex. Crim. App. 2011).  Our determination as to whether counsel’s actions “so compromised the proper functioning of
the adversarial process that the trial court cannot be said to have produced a
reliable result” is made by our review of the overall record.  See id.
(citing Strickland,
466 U.S. at 686, 104 S. Ct. at 2064).

 

 

Discussion

Mills’s
sole point of error is that he was deprived of effective assistance of counsel
at trial.  He contends that Nurse Small’s
testimony regarding his “I sell it” statement was inadmissible evidence of an
extraneous offense.  Mills argues that since
intent to sell was not an element of the possession offense for which he was
charged, evidence of him selling drugs was neither relevant nor admissible and
Ms. Shannon’s failure to object, to request a limiting instruction, or to move
for a mistrial, fell below even the objective standard of reasonableness as
understood by the prevailing professional norms of the criminal courts of
Harris County.  Mills further argues that
Ms. Shannon’s failure exposed the jury to prejudicial character evidence
affecting the outcome of the trial.  Mills seeks a new trial.

The State responds that the testimony was admissible because
it tended to prove an element of the charged offense: that Mills knowingly possessed a controlled
substance.  Further, the testimony of
Nurse Small served to rebut Mills’s counsel’s
implication in her closing argument that Mills did not possess the controlled
substance.  As Ms. Shannon was not
required to object to admissible evidence, the State notes that her failures to
object do not fall below the professional norm. 
Moreover, since the record is silent as to Mills’s
counsel’s motive, it may be inferred that her failure to object was a strategic
move to draw the jury’s attention away from the adverse testimony.  The State further argues that the jury was
provided ample evidence to sufficiently prove the elements of the offense and
the admission of the “I sell it” testimony did not prejudice Mills.

Failure to meet either
prong of the Strickland test will
defeat a claim of ineffective assistance of counsel.  Perez v. State, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). 
As we are not required to analyze the two prongs in any particular
order, Martinez,
330 S.W.3d at 901, we
note the second prong requires a reasonable probability that the outcome of the trial would
have been different but for trial counsel’s actions.  Strickland, 466 U.S. at 694, 104 S. Ct. at
2068.  Here, the State proved the
elements of the offense without the disputed evidence, and Mills has failed to
show with reasonable probability that the trial’s outcome would have been
different had his counsel objected and the testimony been excluded.

A guilty verdict
required the jury to conclude that “(1) the accused exercised control,
management, or care over the substance; and (2) he knew what he possessed was
contraband.”  Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); accord Perkins v. State, No.
14-09-00771-CR, 2011 WL 1260071, at *2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2011, no pet.) (mem. op., not designated for publication).  Regardless of “[w]hether
the evidence is direct or circumstantial, it must establish that the defendant’s
connection with the drug was more than fortuitous.”  Id.  

The
jury heard testimony that Mills was unconscious, “appeared to be under the
influence of something,” confided in Nurse Small that he had “dope” in his
pants, then retrieved it from his waistband and asked Nurse Small to hold it
for him.  Such evidence is more than
sufficient for the jury to conclude that he both possessed drugs and knew it to
be contraband.  His own “I sell it”
statement would only serve to bolster this conclusion of the jury. 

Consequently,
it is not reasonably probable that the exclusion of Mills’s
statement would have created a reasonable doubt.  See
Martinez, 330 S.W.3d at 904 (finding
no reasonable probability that outcome of trial would have been different when
elements of offense were sufficiently proven despite admission of evidence that
defendant was gang member); Ex parte Napper, 322 S.W.3d 202, 249–51 (Tex. Crim.
App. 2010) (no reasonable probability that admission of potentially flawed DNA
evidence affected outcome of trial); Ledezma v. State,
No. 14-09-00483-CR, 2010 WL 4514386, at *5 (Tex. App.—Houston [14th Dist.] Nov. 9, 2010, pet. ref’d)
(mem. op., no designated for publication) (no
reasonable probability that failure to object to admission of extraneous
offense evidence affected outcome of trial when offense was sufficiently proven
by other evidence).  Without determining
whether Mills’s counsel’s performance was deficient,
we hold that his claim of ineffective assistance of counsel fails because he
has not shown that there
is a reasonable probability that the result of the proceeding would have been
different but for trial counsel’s alleged deficient performance.  See Batiste v. State, 217 S.W.3d 74, 84 (Tex. App.—Houston
[1st Dist.] 2006, no pet.).

Conclusion

          The State
offered evidence which sufficiently proved the elements of possession of a
controlled substance.  Mills has not
shown within reasonable probability that the outcome of the trial would have
been any different but for his counsel’s inaction.  Accordingly, Mills has failed to demonstrate
ineffective assistance of counsel.  We
affirm the judgment of the trial court.

 

 

                                                            Jim
Sharp

                                                            Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.   Tex. R.
App. P. 47.2(b).

 











[1]           See Tex.
Health & Safety Code Ann. § 481.115(a), (b) (West 2010) (possession of less than one gram of
Penalty Group 1 substance is state jail felony).