NUMBER 13-14-00135-CR


# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE ALFREDO GALLEGOS,                                          Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

Appellant, Jose Alfredo Gallegos, challenges his conviction for the offense of assault against a family member, a third-degree felony. *See* TEX. PENAL CODE ANN. § 25.11 (West, Westlaw through Chapter 46 2015 R.S.). By three issues, which we treat as two, Gallegos asserts that: (1) his trial counsel provided ineffective assistance; and (2) he was harmed by cumulative error. We affirm.

## I. BACKGROUND

Two separate incidents within a 12-month period led to Gallegos being charged with third degree felony assault of Maria Garcia, whom he dated for five years. The first incident occurred on July 2, 2012, during a cookout at Garcia's residence. Several members of Garcia's family and friends attended the cookout. On three separate occasions that evening, Gallegos engaged in arguments with Garcia. Gallegos left the cookout, along with Garcia's guests, which left Garcia alone with her two children. Later that evening, Gallegos entered Garcia's residence through the kitchen door, walked towards Garcia in the kitchen, and confronted her. Gallegos grabbed Garcia, struck her, and caused her to fall on her face. As Garcia attempted to defend herself, her children intervened, which prompted Gallegos to leave the scene. Two days later, Garcia filed criminal charges against Gallegos. Officer Troy Williams of the Elsa Police Department took Garcia's initial report, which started the investigation.

The second incident occurred on August 23, 2012, under similar facts as the July 2nd incident. Garcia hosted a cookout at her residence, and Gallegos showed up twice uninvited. Again, later that evening, Gallegos returned, broke Garcia's residence's window, entered the house, and hit Garcia with his hand. Gallegos was arrested for this incident three months later. The State indicted Gallegos the following year for intentionally, knowingly, or recklessly causing bodily injury to Garcia on July 2nd and August 23rd, 2012. *See Id.*

During Gallegos' trial, the State introduced testimony from fact witnesses, police officers, investigators, and Garcia. Garcia's thirteen-year old daughter testified that she attempted to restrain Gallegos at the time of the July incident. Garcia's eleven-year-old

2

son testified that he had also attempted to aid Garcia.  Additionally, the State submitted photographs of Garcia's injuries from both assaults into evidence.

The jury found Gallegos guilty as charged and assessed Gallegos' punishment at fifteen years' imprisonment in the Texas Department of Criminal Justice—Institutional Division with a $5,000.00 fine.  This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By two issues, which we treat as one, Gallegos asserts that his trial counsel was ineffective.

### A. Standard of Review

To prevail on a claim for ineffective assistance of counsel, the defendant must meet two prongs: (1) appellant must show that his counsel rendered a deficient performance; and (2) that as a result of his counsel's deficient performance, his defense was prejudiced.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Specifically, an appellant must show that his counsel's representation fell below the objective standard of professional norms.  *Id.* Appellant "must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."  *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (en banc).  A "reasonable probability" is one sufficient to undermine confidence in the outcome.  *Id.* It is not sufficient for an appellant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Ex parte Martinez,* 330 S.W.3d 891, 901 (Tex. Crim. App. 2011) (citing *Strickland,* 466 U.S. at 693).  Rather, an appellant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Id.*

3

(quoting *Strickland,* 466 U.S. at 695). Therefore, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686.

In evaluating the first prong of *Strickland,* counsel's competence is presumed and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). If the appellant fails to prove one prong of the test, we need not evaluate the other prong. *See Strickland* at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). A defendant's failure to satisfy one prong of the *Strickland* test negates the court's need to consider the second prong of the analysis. *Cueva v. State*, 339 S.W.3d 839, 857 (Tex. App.—Corpus Christi 2011, pet. ref'd) (citing *Strickland*, 466 U.S. at 697). Moreover, counsel's performance is deficient when his representation falls below an objective standard of reasonableness, unless a defendant can show in the record that counsel's conduct was not the product of a strategic decision. *Id.* 858.

## B. Discussion

Gallegos first argues that his trial counsel was ineffective because he failed either through a motion in limine or an objection to the State's characterization of Garcia as "the "victim" a total of fifteen times throughout the trial.

Gallegos cites a Connecticut decision for support. *See State v. Cortez,* 276 Conn. 241, 249 (2005). In *Cortez,* the court held the phrase "the victim" had prejudiced the defendant. *Id.* at 250. The complainant in *Cortez* was referred to as "the victim" a total

4

of 76 times. In contrast, in this case, Garcia was referred as the victim fifteen times. However, *Cortez* was explicitly overruled by a later decision by the Connecticut Supreme Court. *See State v. Ciullo*, 314 Conn. 28, 54-55, 100 A.3d 779, 796 (2014) (concluding that even if the reference to the laborers as "the victims" was improper, the outcome of the case would have remained unaltered).

Considering that a decision from an out of state court has no precedential value in a Texas court, Gallegos's reliance on these cases are unpersuasive. Instead, we look to Texas case law for guidance. Gallegos argues that use of the phrase "the victim" by the prosecutor and witnesses should have prompted objections by trial counsel. A similar issue was dealt with in *Weatherly v. State*, 283 S.W.3d 481, 486 (Tex. App.—Beaumont 2009, pet. ref'd). In *Weatherly*, the court held that use of the word "victim" was found not to be inflammatory or prejudicial as to necessarily cause harm to the defendant when used occasionally in trial by the attorneys or witnesses. *Id.* Gallegos cites various portions of the record where the State's witnesses referred to Garcia as the victim. In view of the totality of counsel's representation and the totality of the record, the failure to object to the use of the word "victim" in the cited instances in the trial was not an error. *Id.* at 487. Additionally, in *Cueva*, counsel's performance did not fall below the objective standard of reasonableness by not objecting to the phrase "the victim." *Cueva*, 339 S.W.3d at 864. The court in *Cueva* held that testimony regarding references to the complainant as "victim" was: (1) credible; (2) did not cause prejudice; (3) and found that such terms are commonly used at trial in a neutral manner to describe the events in question. *Id.* This analysis is appropriate in this case. In our case, reference to Garcia as "the victim" was credible because it identified her as the victim of the assault in

5

question. The testimony by the witnesses did not cause prejudice because the use of "the victim" identified Garcia as a victim to an assault and not that Gallegos was the aggressor.

Next, Gallegos argues that his trial counsel was ineffective for failing to object to Officer Williams's testimony on hearsay grounds. *See* TEX. R. EVID. 801(a). Gallegos asserts that prior consistent statements or "backdoor" hearsay through inferences to out-of-court statements should have been preempted through a motion in limine or an objection. Officer Williams testified that Garcia had requested a protective order and asked that Garcia be charged for the assault. Gallegos claims that Williams's testimony was "hearsay", but does not argue how Gallegos's trial counsel's failure to object was not strategic in order to rebut the presumption that his counsel's performance was proper. *See Kimmelman*, 477 U.S. at 384. Furthermore, even if Gallegos rebutted the presumption that his trial counsel's performance was proper, he nevertheless fails to show that as a result of his counsel's alleged deficient performance for failing to object to this testimony, his defense was prejudiced. *See Strickland*, 466 U.S. at 687. Thus, his argument fails. We overrule Gallegos' first issue.

### III. CUMULATIVE ERROR

By his second issue, Gallegos asserts that he was harmed by cumulative error related to his arguments based on ineffective assistance of counsel. Gallegos argues that the "aforementioned errors" rendered the trial fundamentally unfair. Additionally, Gallegos alleges that even if none of the errors alone rose to the magnitude of constitutional breach, their cumulative effect does.

6

While it is conceivable that a number of errors may be found harmful in their cumulative effect, no authority holds that non-errors may in their cumulative effect cause error. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (en banc). Because we have found no error in this appeal, we overrule Gallegos's second issue. *Id.*

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA BENAVIDES,
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.