**AFFIRMED and Opinion Filed August 17, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00838-CR**

**AHMED AFEEF, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82516-2022**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Molberg

Ahmad Afeef entered a guilty plea to aggravated robbery and, after a punishment trial, was sentenced to thirty-five years' imprisonment. He appeals, complaining his trial counsel was ineffective. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

On direct appeal, we indulge a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984). Ineffective assistance of counsel claims have two components: (1) deficient performance and (2) prejudice, meaning a there

is a reasonable probability that the result of the proceeding would have been different without the deficient performance. *See id.* at 687. Ineffective assistance claims are notoriously difficult to sustain on direct appeal, because the trial record often fails to supply a sufficient basis for a claim and because, without counsel's explanation for her actions or inactions, many will fall within presumptively reasonable strategic choices counsel must make in the course of trial. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We must not speculate in our review; rather, ineffective assistance of counsel claims must be firmly founded in the record. *Bone*, 77 S.W.3d at 835.

Mr. Afeef first claims counsel should not have advised him to plead guilty because the State could not prove the aggravated element and that counsel's investigation was deficient because, had he interviewed the complaining witness more than once, he would have known the victim would testify he did not see Mr. Afeef holding a knife during the robbery. These claims fail because, regardless what the complaining witness testified to, the video evidence the State offered plainly shows Mr. Afeef holding a knife in his hand throughout the entire robbery. *See Anderson v. State*, 461 S.W.3d 674, 679–80 (Tex. App.—Texarkana 2015, pet. ref'd) (video evidence buoyed State's proof when complaining witness was unable to provide certain details about the perpetrator due to "weapon focus" during aggravated robbery). And, the complaining witness testified, having reviewed the video at trial, that he had seen Mr. Afeef carrying a knife "many times" before.

Mr. Afeef held the knife when he violently shoved the complaining witness to the ground in the cashier area of the convenience store and as he stood over the man, demanded items, and took and held money from the register while he stood right next to the complaining witness. *See Garcia v. State*, No. 14-19-00975-CR, 2021 WL 3576372, *2 (Tex. App.—Houston [14th Dist.] Aug. 12, 2021, pet. ref'd) (mem. op., not designated for publication) (fact that no witness saw knife in Garcia's hands was "not determinative" when other evidence sufficiently proved he used or exhibited it). Jurors were reasonable to conclude that Mr. Afeef used or exhibited the knife, a deadly weapon, throughout the robbery. *See* TEX. PENAL CODE §§ 1.07(a)(17); 29.03(a)(2) ("uses or exhibits a deadly weapon"); *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989) (explaining what use and exhibit mean in this context). Therefore, the record only indicates that counsel correctly advised Mr. Afeef regarding the "aggravated" element and that any failure to perform further investigation does not demonstrate deficient performance on this record.

Mr. Afeef next complains of a statement counsel made during punishment phase closing argument, but takes the comment out of context. Trial counsel began by dismissing the idea that this was a case worthy of a life sentence, and began going downward from there, suggesting to jurors that, for a fifty-five-year-old man such as Mr. Afeef, a life sentence was something closer to thirty years. From there, counsel pivoted, starting from what he suggested may be a too-low number, eight years, moving to ten, and then to twenty years. Counsel rhetorically asked if a

twenty-year sentence would make the complaining witness happy. Mr. Afeef seizes on the reference to the complaining witness, suggesting that trial counsel was "representing the [S]tate's witness." But trial counsel continued, suggesting twenty years would not make the complaining witness happy, from which it appears on this record that counsel was suggesting a sentence less than twenty years. Indeed, counsel later suggested jurors should "start at the lower end, and if you have to work your way up, you do that, but this is not the case you start at the high end and work your way down."

We disagree that counsel was somehow advocating for the complaining witness or the State, and conclude that on this record, counsel's comments constitute a reasonable argument to a jury who had to recommend some term of years for his client. *See Kennedy v. State*, No. 13-15-00457-CR, 2016 WL 4145939, *5 (Tex. App.—Corpus Christi–Edinburg Aug. 4, 2016, pet. ref'd) (mem. op., not designated for publication) (discussing strategic choice in counsel's sentencing argument). We construe trial counsel's argument, on this record and without any explanation from counsel, as a reasonable trial strategy to mitigate punishment. The fact that the jury ended up recommending a thirty-five-year sentence is of little moment, as that was entirely within their discretion. We reject this basis for finding counsel ineffective.

Finally, Mr. Afeef complains that trial counsel was ineffective for not having him evaluated for competency prior to trial. The record does not provide a sufficient basis for us to agree. *See Bone*, 77 S.W.3d at 833–34. In this regard, the record

includes the plea colloquy, where Mr. Afeef mentioned he had mental health issues but that he was being treated and was competent to proceed with his guilty plea. He agreed he had sufficient present ability to communicate with his lawyer and that he understood the proceedings. Because this direct appeal record contains an insufficient factual basis to support the claim and contains no detail regarding counsel's decision-making process for not requesting a competency evaluation pre-trial, this is the type of issue for which a petition for writ of habeas corpus is the "appropriate vehicle" to develop the record. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). We cannot conclude counsel was ineffective for not having Mr. Afeef evaluated for competency prior to trial. *See Bone*, 77 S.W.3d at 833–34.

Having rejected each basis for Mr. Afeef's ineffective assistance of counsel claim, we affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220838F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AHMED AFEEF, Appellant

No. 05-22-00838-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-82516-2022.

Opinion delivered by Justice Molberg. Justices Carlyle and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 17, 2023.