NOS. 07-07-0104-CR; 07-07-0105-CR
07-07-0106-CR; 07-07-0107-CR; 07-07-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 24, 2009
______________________________

ALFONSO DEMETRIO RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 17772-C, 17773-C, 17774-C, 17829-C, 18159-C;

HONORABLE DAVID GLEASON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Alfonso Rodriguez appeals his convictions in five cases for kidnapping, assaulting
a public servant, unauthorized use of a motor vehicle, abandoning or endangering a child,
and criminal mischief on the ground he was denied effective assistance of counsel at trial. 
We affirm the trial court’s judgments. 
 
Background
          With appellant’s agreement, his five cases were consolidated for trial and trial was
to the court. Also by agreement, the guilt-innocence and punishment phases of trial were
not bifurcated. The State made no plea bargain offer. The indictments in the cases
alleging kidnapping, abandoning or endangering a child, and assaulting a public servant
contained an enhancement paragraph alleging a prior conviction for robbery.
          At the beginning of trial, appellant plead guilty in the cases alleging abandonment
or endangering a child, unauthorized use of a motor vehicle, and criminal mischief. In the
case alleging abandoning or endangering a child, appellant plead true to the enhancement
paragraph. Appellant entered pleas of not guilty in the cases alleging kidnapping and
assaulting a public servant.


 
          On the second day of trial, as the State continued presentation of its case in chief,
appellant notified the court that he wished to change his pleas to guilty in the two contested
cases. The court admonished appellant of the effect of his decision and accepted his
guilty pleas. The State then resumed presentation of its case. 
          After both sides rested and closed the court found appellant guilty in each case and
assessed the following punishments: (1) ninety-nine years in prison for abandoning a child;
(2) twenty years in prison for kidnapping; (3) fifteen months in state jail for unauthorized
use of a motor vehicle; (4) twelve years in prison for assaulting a public servant; and (5)
two years in state jail and a $10,000 fine for criminal mischief. The court ordered
appellant’s sentence for criminal mischief to be served after his four other sentences,
which it ordered to run concurrently. Appellant did not file motions for new trial but timely
perfected appeals of each case and received the trial court’s certifications to appeal.
Issues
          Through two issues, appellant asserts his trial counsel rendered ineffective
assistance because he did not: (1) require the State prove the allegation of the
enhancement paragraph contained in three of the indictments and (2) offer evidence in
mitigation of punishment. 
Discussion
          The adequacy of defense counsel's assistance is based on the totality of the
representation rather than isolated acts or omissions. Thompson v. State, 9 S.W.3d 808,
814 (Tex.Crim.App. 1999). Although the constitutional right to counsel ensures the right
to reasonably effective counsel, it does not guarantee errorless counsel whose
competency or accuracy of representation is judged by hindsight. Robertson v. State, 187
S.W.3d 475, 483 (Tex.Crim.App. 2006).
          Strickland v. Washington is the seminal case setting forth the standard for
ineffective assistance of counsel claims under the United States Constitution. 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court in Strickland established a two-pronged test for analyzing a claim of ineffective assistance of counsel. Reversal requires
an appellant demonstrate (1) counsel’s representation fell below an objective standard of
reasonableness and (2) the deficient performance prejudiced the appellant. 466 U.S. at
687, 104 S.Ct. at 2064. See also Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex.Crim.
App. 1986) (applying Strickland standard under Texas constitution). 
          The first prong of the Strickland test requires an appellant prove that counsel made
such serious errors that he did not function as the “counsel” guaranteed by the Sixth
Amendment. Strickland, 466 U.S. at 687, 104 S.Ct. 2064. Appellant must show that
counsel’s performance was unreasonable under prevailing professional norms and that the
challenged action was not sound trial strategy. 466 U.S. at 689-90, 104 S.Ct. at 2065-66. 
The second Strickland prong requires an appellant “show a reasonable probability that, but
for his counsel’s unprofessional errors, the result of the proceeding would have been
different.” Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). “Reasonable
probability” means probability of a degree sufficient to undermine confidence in the
outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. 
          An appellant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. Mitchell, 68 S.W.3d at 642. Our review of counsel’s
performance is highly deferential and a strong presumption exists that counsel’s conduct
fell within a wide range of reasonable professional assistance. Mallett v. State, 65 S.W.3d
59, 63 (Tex.Crim.App. 2001); see Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (noting
there are countless ways to provide effective assistance in any given case). To overcome
the presumption of reasonable professional assistance, any allegation of ineffectiveness
must be firmly rooted in the record. Thompson, 9 S.W.3d at 813-14. In the majority of
cases, the record on direct appeal is inadequate to show that counsel’s conduct fell below
an objectively reasonable standard of performance; thus, the better course is to pursue the
claim in habeas proceedings. Mitchell, 68 S.W.3d at 642. Absent evidence of counsel’s
reasons for the challenged conduct, we will not conclude the challenged conduct
constituted deficient performance unless the conduct was so outrageous that no competent
attorney would have engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex.Crim.App.
2001). 
          We turn first to appellant’s claim that counsel was ineffective by not requiring the
State to prove the enhancement paragraph’s allegation that he was convicted of robbery
in Lubbock County in January 2000. We find the claim without merit.
          Appellant plead “true” to the enhancement paragraph, and persisted in his plea after
the trial court’s admonitions concerning the effects of his plea. He points to no place in the
record showing that his lawyer was responsible for his decision to plead true. His brief
refers to his incomplete formal education,


 and asserts that he deferred to his lawyer’s
advice regarding trial strategy. But nothing in the record shows what his lawyer advised
appellant with regard to his plea to the enhancement allegation. For that reason alone, his
claim thus cannot be “firmly rooted in the record.” Thompson, 9 S.W.3d at 813-14. 
          Moreover, even if we assume his lawyer was responsible for the decision to plead
true, appellant points to nothing in the record suggesting the outcome of his trial would
have been different had he required the State to prove his Lubbock County robbery
conviction. 
          In support of his argument under this issue, appellant directs us to Lyons v.
McCotter, 770 F.2d 529 (5th Cir. 1985), a federal habeas proceeding in which the petitioner
successfully argued his Texas state court trial counsel rendered ineffective assistance
during his trial for aggravated robbery. The Fifth Circuit’s opinion says the State’s evidence
against Lyons was “far from overwhelming.” 770 F.2d at 533 n.5. During the guilt-innocence phase of trial, his counsel allowed evidence that Lyons had previously been
convicted of robbery and later paroled to be admitted without objection, and failed to
request an instruction limiting the jury’s consideration of that evidence. Id. at 534. The
appellate court found that the evidence would have been excluded on proper objection. Id.
In that circumstance, the court thus concluded counsel’s failure to object had no strategic
value and undermined the reliability of Lyons’ conviction. Id. 
          It can readily be seen that the circumstance in Lyons bears little resemblance to
appellant’s. Here, appellant plead guilty in each case and admitted the truth of the
enhancement offense on questioning by the trial court. Appellant does not contend that
evidence of the enhancement conviction would have been excludible had he plead “not
true” and his counsel objected to the evidence. Lyons does not assist appellant. We
overrule his first issue.
          In his second issue, appellant complains that his trial counsel failed to offer
evidence in mitigation of punishment. The record shows that after the State rested
appellant’s counsel requested and received a fifteen minute recess during which he and
appellant conferred. When trial resumed counsel announced appellant rested because
appellant chose not to testify and the defense would have no witnesses. The record does
not tell what, if any, mitigation evidence appellant possessed and why counsel chose not
to present this evidence if it existed. We will not speculate on the question, for, again, a
claim of ineffective assistance is “not built on retrospective speculation; [it] must be ‘firmly
founded in the record.’” Bone v. State, 77 S.W.3d at 828, 835 (Tex.Crim.App. 2002). And
the record must affirmatively demonstrate the ineffectiveness. Thompson, 9 S.W.3d at
813-14. The record here does not establish that counsel’s actions with regard to the
presentation of mitigating evidence were ineffective. Cf. Thompson, 9 S.W.3d at 814 n.6
(“in the vast majority of cases, the undeveloped record on direct appeal will be insufficient
for an appellant to satisfy the dual prongs of Strickland”). Without record evidence of what,
if any, mitigating evidence was available to appellant and counsel’s reasons for not offering
such evidence as existed, appellant is unable to overcome the presumption that counsel’s
conduct falls within the wide range of reasonable professional assistance. 
          Relying on Ex parte Gonzales, 204 S.W.3d 391 (Tex.Crim.App. 2006), appellant
argues his counsel was required to “make a minimal attempt to present” evidence in
mitigation of punishment. As the State points out, Gonzales was a habeas corpus
proceeding following the applicant’s conviction of capital murder and sentence of death. 
Id. at 393. Important to this discussion, the court in Gonzales was reviewing a well-
developed habeas record describing potential mitigation evidence as well as trial counsel’s
statement that his failure to investigate the described evidence was not strategic. Id. at
394-96. The court’s reference in Gonzales to facts developed in the habeas proceeding
underscores why direct appeal ordinarily does not present a record sufficient for a proper
Strickland review. For that reason, Gonzales actually supports our conclusion appellant’s
second issue also must be overruled, and we do so.
Conclusion
          Having overruled appellant’s two issues, we affirm the five judgments of the trial
court appellant challenged by this appeal.
 
                                                                           James T. Campbell

                                                                                      Justice

















Publish.