Opinion issued October 21, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00765-CR

———————————

MICHAEL FITZGERALD GREEN, Appellant

V.

The State of
Texas, Appellee



 



On
Appeal from the 248th District Court  

Harris County,
Texas



Trial
Court Case No. 1050277

 



 

MEMORANDUM OPINION

A jury convicted appellant, Michael Fitzgerald Green,
of aggravated robbery and assessed
punishment at forty-five years’ imprisonment.  See Tex.
Penal Code Ann. § 29.03 (Vernon 2003). 
On appeal, appellant argues
he received ineffective assistance of counsel because (1) counsel failed to
object to improper impeachment evidence and (2) counsel failed to object to hearsay testimony
concerning several anonymous tips.  We
affirm. 

Background

          Two
men committed an aggravated robbery at a Cash America Pawn Shop.   One robber, Robert Gilmore, had an employee
remove cash from the cash drawer and open up the jewelry cases.  The second robber, appellant, pressed a gun
to another employee’s back and demanded she open the store safe.  The men took approximately $375 in cash and
$10,000 worth of merchandise.  Gilmore
was apprehended and positively identified in a live lineup.  He pleaded guilty to aggravated robbery and
was sentenced to eight years in prison.  

Officer Jeff Miller testified that
he received two anonymous tips identifying two different people as Gilmore’s
accomplice.  One tip identified
appellant.  Officer Miller created a
photo line-up based on the anonymous tips, interviews with Gilmore, and the
surveillance video from the robbery.  The
two pawn shop employees made “strong tentative” identifications of appellant.[1]  Gilmore made a positive identification of
appellant and initialed the photo line-up. 
Appellant was arrested, and he denied any involvement in the
robbery.  Appellant also made an
unrecorded, spontaneous statement in which he offered to confess in exchange
for five years’ jail time.

Appellant was indicted for
aggravated robbery and pleaded not guilty. 
At trial, Gilmore testified and refused to identify appellant as his
accomplice, contradicting his earlier statements and actions.  The State impeached Gilmore by confrontation
with his prior statements and with impeachment witnesses.  Appellant’s counsel neither objected nor
requested a limiting instruction to the impeachment.  Counsel also never objected to testimony
regarding the anonymous tip identifying appellant.  The jury found appellant guilty and assessed
punishment at forty-five years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  

Ineffective Assistance of Counsel

 Appellant argues
he received ineffective assistance of counsel at trial because his counsel (1) failed to object to Gilmore’s out-of-court statements; and (2) failed
to object to Miller’s testimony regarding the anonymous tip.  

Standard of Review

The standard of review for ineffective assistance of
counsel is set forth in Strickland v.
Washington, 466 U.S. 668, 687–96 (1984), and Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  To prevail, appellant must first show his
counsel’s performance was deficient.  Strickland, 466 U.S. at 687; Bone, 77 S.W.3d at 833. “Specifically,
appellant must prove, by a preponderance of the evidence, that his counsel’s
representation fell below the objective standard of professional norms.” Bone, 77 S.W.3d at 833.  “Second, appellant must show that this
deficient performance prejudiced his defense,” meaning “a reasonable probability that, but for his counsel’s
unprofessional errors, the result of the proceeding would have been
different.”  Bone, 77 S.W.3d at 833 (quoting Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)).  A “reasonable probability” is one “sufficient
to undermine confidence in the outcome.” 
Id. Thus, the “benchmark for
judging any claim of ineffectiveness must be whether counsel’s conduct so
undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result.”  Strickland,
466 U.S. at 686.

There is a strong presumption that counsel’s conduct
fell within the wide range of reasonable professional assistance, and the appellant
must overcome the presumption that the challenged action might be considered
sound trial strategy.  Id. at 689.  To overcome the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999) (quoting McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  When determining the validity of an
ineffective-assistance-of-counsel claim, judicial review must be highly
deferential to trial counsel.  Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984).  The record on
direct appeal will rarely contain sufficient information to evaluate an
ineffective-assistance-of-counsel claim. 
See Bone, 77 S.W.3d at 833.  Based on such a record, a finding that counsel
was ineffective would normally require impermissible speculation by the
appellate court.  Stults v. State, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.]
2000, pet. ref’d).  When the record is
silent as to trial counsel’s strategy, we will not conclude that defense
counsel’s assistance was ineffective unless the challenged conduct was “‘so
outrageous that no competent attorney would have engaged in it.’”  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001)).

Improper Impeachment

Appellant cites Hughes v. State, 4 S.W.3d 1, 5 (Tex. Crim. App. 1999), for the proposition that the
trial court abuses its discretion under Rule 403 of the Texas Rules of Evidence
when a court allows the State to impeach a witness for the primary purpose of
placing otherwise inadmissible evidence before the jury.  Under Hughes,
the court should consider whether the State knew its own witness would testify
unfavorably.  Hughes, 4 S.W.3d at 5. 
Appellant argues the State expected Gilmore to contradict his previous
statements and called him for the purpose of impeaching him.  He further argues defense counsel provided
ineffective assistance by not objecting to the testimony.  He contends his counsel’s failure to object
rises to the level of deficient representation under the first prong of the Strickland test.  

Appellant has provided no basis on which his attorney could
have concluded the State intended to call Gilmore for the purpose of impeaching
him.  Appellant claims the prosecutor
never mentioned Gilmore’s testimony in opening statement.  However, the record reflects the prosecutor
did, in fact, mention Gilmore in her opening and said Gilmore would identify
appellant as his accomplice.  Appellant
also claims the State followed Gilmore’s testimony with a “litany of
impeachment witnesses.”  The record
reflects that the State actually called one witness whose testimony was
impeaching and one witness who testified to other facts in addition to
impeachment.  This does not indicate to
us that the State called Gilmore for the purpose of impeaching him.  Further, our review of the record indicates
the prosecutor appeared surprised when Gilmore refused to identify
appellant.  

Defense counsel has not been shown to have been deficient for
failing to object to Gilmore’s impeachment. 
Under the first prong of Strickland,
appellant has failed to establish that his trial counsel’s representation fell below the objective standard of
professional norms.  See Bone, 77 S.W.3d at 833.  Since appellant
failed to establish deficient representation under the first prong of Strickland, we need not address his
arguments relative to the second prong.  See Thompson, 9 S.W.3d at 812.

Hearsay Objection

Appellant argues counsel should have objected to the
statements regarding the anonymous tips. 
His sole appellate argument relating to the tips is that they were
“plainly inadmissible hearsay and very prejudicial.”  He cites no cases and provides no analysis of
why a hearsay objection would have been proper, why trial counsel failed to
satisfy professional norms by failing to object, or how he was harmed by the
testimony.  Appellant failed to
adequately brief this issue and error, if any, on this ground is waived.  See Tex. R. App. P. 38.1(i); see
Swearingen v. State, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003).

Since appellant fails to meet the
first prong of Strickland and the
hearsay objection was waived, we overrule appellant’s sole issue of ineffective
assistance of counsel. 

 




 

Conclusion

          We
affirm the trial court’s judgment.

 

 

Sam
Nuchia 

Justice

 

Panel consists
of Chief Justice Radack and Justices Massengale and Nuchia.[2]

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1]           One employee testified that he was 30% sure appellant was
the robber.  The 

second employee testified that on a scale of 1-10,
she was a “4” with regards to appellant.

 





[2]           The Honorable Sam Nuchia, Senior
Justice, Court of Appeals for the First District 

of Texas, participating by assignment.