NO. 07-11-00131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 7, 2012

JUAN ESQUIVEL, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 21,012-A; HONORABLE DAN L. SCHAAP, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Juan Esquivel, Jr. appeals from his jury conviction of the offense of continuous sexual abuse of a young child[1] and the resulting sentence of thirty-five years of imprisonment. Through one issue, appellant contends the trial court erred in allowing certain testimony from a sexual assault nurse examiner.[2] We will affirm.

---

[1] Tex. Penal Code Ann. § 21.02 (West 2011).

[2] *See* Tex. Gov't Code Ann. § 420.003(6) (West 2011) (defining "sexual assault nurse examiner" as "a registered nurse who has completed a service-approved examiner training course and who is certified according to minimum standards prescribed by attorney general rule"); Tex. Gov't Code Ann. § 420.011(c) (West 2011) (requiring attorney general to adopt rules for certification); 1 Tex. Admin. Code §

Background

Appellant was charged via a December 2009 indictment with, during a period that was 30 or more days in duration, "intentionally or knowingly commit[ing] two or more acts of sexual abuse against [the complainant], a child younger than 14 years of age, namely, the following acts: (a) The defendant caused his male sexual organ to penetrate the female sexual organ of [the complainant]; (b) The defendant caused his finger to penetrate the female sexual organ of [the complainant]." Appellant plead not guilty and the case was tried to a jury.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, we will relate only such evidence as is necessary to a disposition of this appeal.

The complainant, then fourteen years old, testified at trial. At the time of the events leading to his prosecution, appellant was dating the complainant's mother and lived with them from time to time. The complainant told the jury appellant assaulted her more than once. She testified to instances in which appellant put his "thing" in her "thing" at their apartment and at a motel, touched her lips with his penis, and put his fingers in her vagina.

---

62.25(2) (West 2012) (rules of attorney general defining "sexual assault nurse examiner" as "a registered nurse who has been specially trained to provide comprehensive care to sexual assault survivors, who demonstrates competency in conducting a forensic exam for the collection of evidence and has the ability to testify as an expert witness").

Appellant testified, denying any sexual contact with the child. He testified the child had behavioral problems so severe "no foster home would take" her. He also testified his mentally retarded brother had molested the child's sister.

A licensed registered nurse and certified sexual assault nurse examiner ("SANE nurse") also testified. Appellant raised an objection to a portion of her testimony. The objection was overruled, and he urges the overruling was error.

Analysis

The State argues appellant's contention on appeal does not comport with his objection at trial, and thus was not preserved for our review. *See Gallo v. State*, 239 S.W.3d 757, 768 (Tex.Crim.App. 2007) (complaint on appeal must comport with objection made at trial)**.** Although for a different reason, we agree with the State's conclusion that appellant's issue presents nothing for review.

The SANE nurse testified in detail about her observations of injuries to the complainant. Her report of the examination also was admitted early in her testimony and she read the complainant's statement to her to the jury.[3] Using a diagram of female genitalia, the nurse told the jury she observed five injuries to the complainant's hymen. Following this testimony, the prosecutor asked the SANE nurse, "[T]he physical findings of the genital exam, are those consistent with the history given by [the child] earlier in the exam?" Appellant's counsel objected, stating the question "calls for a conclusion on the part of the witness that she is not qualified to make . . . ." After the State responded,

_____

[3] Appellant's trial objections to the admission of the report were overruled. That ruling is not at issue on appeal.

3

asserting the witness's status as an expert witness, the trial court overruled appellant's objection. The prosecutor then asked the SANE nurse the same question a second time, without objection, and she answered affirmatively. She went on to testify further, telling the jury at one point, "according to [the complainant's] history it happened ten times where somebody's penis is going into her vagina, it would be very expectant that she would have these type of injuries to her female sexual organ, especially her hymen."

An appellate issue complaining of the admission of evidence presents nothing for review when the same evidence is admitted elsewhere in the trial without objection. *Mitchell v. State,* 68 S.W.3d 640, 643 (Tex.Crim.App. 2002); *Josey v. State*, 97 S.W.3d 687, 698 (Tex.App.-Texarkana 2003, no pet.). Further, absent a running objection, a complaining party must object each time allegedly inadmissible evidence is offered. *Martinez v. State,* 98 S.W.3d 189, 193 (Tex.Crim.App. 2003); *Reynolds v. State,* 848 S.W.2d 785, 792 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

Here, appellant's objection followed detailed and specific testimony by the SANE nurse of the complainant's injuries. Appellant objected to the prosecutor's question asking the SANE nurse if her physical findings were consistent with the history the child gave her. After the objection was overruled, the SANE nurse went on to explain, in greater detail, how the observed injuries were consistent with the history the child related to her. This further testimony involved additional recitation of the injuries she observed during her examination, the statements made by the complainant, and her conclusions that the injuries were consistent with the history and indicated penetration of the complainant's sexual organ. Because no objection was raised to this more

4

detailed testimony, and because it presented to the jury the same evidence as that of which he objects, we must conclude no error is preserved for our review. *See Lane v. State,* 151 S.W.3d 188, 192-93 (Tex.Crim.App. 2004) (concluding complaints regarding testimony similar to testimony admitted through another statement were waived); *Mitchell,* 68 S.W.3d at 643 (complaint regarding improperly admitted evidence waived if the same evidence is introduced elsewhere during trial without objection); *Garza v. State,* No. 08-11-0035-CR, 2012 Tex.App. LEXIS 4106, at *7 (Tex.App.—El Paso May 23, 2012, no pet. h.) (mem. op., not designated for publication) (similarly finding issue not preserved for appellate review). We resolve appellant's sole issue against him and affirm the judgment of the trial court.

After oral argument in this appeal, and without request from the Court, the State submitted a supplemental brief accompanied by a motion requesting leave to file the supplement. The State's motion is denied.

James T. Campbell
Justice

Do not publish.