**AFFIRMED and Opinion Filed this 6th day of March, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01639-CR

## RAYMON GARZA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F11-59842-I**

## MEMORANDOM OPINION
Before Justices FitzGerald, Fillmore and Richter[1]
Opinion by Justice Richter

Raymon Garza was convicted of burglary of a building, and punishment, enhanced by two prior felony convictions, was assessed at twenty years in prison. In two issues, appellant contends he received ineffective assistance of counsel and the evidence against him is legally insufficient to support his conviction. The facts of this case are well-known to the parties and we do not recite them in detail here. Further, because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* TEX R. APP. P. 47.4. We affirm the trial court's judgment.

In his first issue, appellant complains he received ineffective assistance of counsel

---

1. The Honorable Martin E. Richter, Retired Justice, sitting by assignment

because his attorney failed to properly admonish him regarding the consequences of rejecting the State's four-year plea offer in light of the State's notice of intent to enhance punishment based on two felony convictions that increased the punishment range for the offense from two to twenty years. To prevail on a claim of ineffective assistance of counsel the defendant must show that (1) his counsel's performance was deficient, and (2) a reasonable probability exists that but for the deficient performance, the result of the proceeding would be different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). In reviewing the complaint, we presume counsel's actions fell within the wide range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Moreover, a claim of ineffective assistance must be firmly supported in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely will the record on direct appeal be sufficient to overcome the presumption that counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d at 833.

Appellant did not assert an ineffective assistance complaint regarding the plea offer in his motion for new trial and there is no evidence in the record regarding counsel's discussions with appellant about the plea offer. The trial record reveals that after appellant was arraigned and before trial, the prosecutor indicated to the court that the punishment range had changed and that appellant should be informed. The trial court advised appellant that if the State could prove two prior penitentiary trips, the punishment range would be two to twenty years and a fine up to $10,000. The prosecutor then confirmed the plea offer of four years was still available to appellant. Appellant's counsel indicated that it was up to appellant whether he wished to accept the plea offer or not. The Court then asked appellant if he wished to accept the prosecutor's plea offer. Appellant responded "No, Your Honor."

Appellant argues that counsel's objection to the State's notice of enhancement, after the jury began its deliberations on the guilt-innocence stage of trial, suggests counsel did not realize the maximum punishment had increased to twenty years at the time when the four-year plea offer was still available. We do not agree. Counsel's objection focused on the timeliness of the State's notice to enhance punishment and reveals nothing about counsel's understanding or thought processes or his discussions with appellant as to the enhanced punishment range and the State's plea offer. Based on the record before us, we can only speculate as to why counsel acted or failed to act as he did. *See id.* at 836. Absent any evidence of counsel's tactical or strategic decision-making, we must presume counsel acted reasonably. *Id.* Moreover, even assuming appellant satisfied the first prong of the *Strickland* test, appellant cannot establish the second prong. Here, the record reveals that after the trial court specifically admonished appellant about the enhanced punishment range of two to twenty years, he still rejected the State's plea offer. We resolve appellant's first issue against him.

In his second issue, appellant complains the evidence seized was insufficient to establish that appellant participated in any offense. Appellant contends that although there was evidence that as many as ten wine bottles were taken from the garage, at trial, the garage owner only identified three of the bottles that were recovered. He further argues there is no evidence that he handled the bottles taken from the garage. In making this argument, appellant acknowledges that he was in possession of "a small fraction of the wine stolen."

In reviewing a challenge to the legal sufficiency of the evidence, we examine the evidence to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume the

3

fact finder resolved conflicts in testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Viewed in the light most favorable to the verdict, the evidence shows that appellant and another male identified as Dewayne Shepard, were walking when they were stopped by a police officer on patrol because they matched the description the officer had received on a suspicious persons call. At the time they were stopped, appellant was carrying a white box with several bottles of wine, and cans of beer and soda. Shepard was carrying a black bag that also had wine inside of it. Shepard then directed the police to the garage where they obtained the beverages. The owner of the garage confirmed to police that missing from her garage were a box and various beverages from the refrigerator. At trial, photographs of three of the bottles of wine were admitted into evidence. The garage owner confirmed these bottles were hers and were missing from her garage refrigerator. An officer also testified that the garage owner identified all of the beverages the police had recovered from appellant and Shepard as her property. During his testimony, appellant denied entering the garage, but he admitted that he stood in the alley as a lookout for about 30 minutes while Shepard was in the garage. Shepard testified that appellant entered the garage and stole the beverages. The evidence before us is legally sufficient to support appellant's conviction for burglary of a building. We resolve appellant's second issue against him.

We affirm the trial court's judgment.

_____
MARTIN RICHTER
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

111639F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

Raymon Garza, Appellant

No. 05-11-01639-CR     V.

The State of Texas, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F11-59842-I.
Opinion delivered by Justice Richter.
Justices FitzGerald and Fillmore
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of March, 2013.

_____
MARTIN RICHTER
JUSTICE, ASSIGNED