**AFFIRM; and Opinion Filed July 30, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-12-00832-CR

### REID CARLTON RENICKER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-86948-2011**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

A jury found appellant Reid Carlton Renicker guilty of driving while intoxicated. The trial court assessed his punishment at a $900 fine and 120 days' confinement, the latter being suspended in favor of fifteen months of community supervision. In a single appellate issue, Renicker contends he received ineffective assistance of counsel because his attorney failed to present a case during the punishment phase, failed to object to the introduction of improper character evidence during trial, and failed to file a motion to suppress—or object to—evidence of extraneous bad acts. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm.

The evidence at issue here was offered through the testimony of Plano police officer John Britton. Britton was driving an unmarked car and working burglary surveillance at approximately two thirty in the morning when the vehicle driven by Renicker cut in front of

Britton and almost hit his car. Renicker turned on tail-light flashers, and Britton noticed a firefighter emblem on Renicker's license plate. Britton followed Renicker on city streets and observed him accelerate to approximately seventy miles per hour and then—after cutting in front of Britton again—slow almost to a stop, flick a lit cigarette so that it bounced off the hood of Britton's car, and drive off. (Britton testified he thought this conduct was "strange" and "very bad behavior" given that Renicker was a firefighter and the area was experiencing a drought.) Following the cigarette incident, Britton pulled up alongside Renicker, and Renicker stopped his vehicle in the road. He looked over at Britton, yelled "I am a f_____ fireman," flipped Britton off, and took off again. Renicker then made a u-turn and stopped where another officer—whom Britton had called for back-up—was parked with his car's lights on; Renicker told the officer he was being followed. The second officer performed field sobriety tests, and Renicker was arrested.

Renicker contends he received ineffective assistance of counsel at trial because his attorney did not object to Britton's characterization of Renicker's behavior with the cigarette as "strange" and "very bad behavior." Renicker argues that testimony amounted to inadmissible character evidence. He also complains that his counsel did not move to suppress, or at least object to, the evidence of Renicker's offensive behavior toward Britton, which he contends was irrelevant or, if not, was unfairly prejudicial when compared to any relevance it had to the charged conduct. Finally, Renicker also complains that his attorney failed to present a case during the punishment phase, stating only:

> This is the defendant's first DWI. There is no other allegation that he has ever been arrested before. We would ask for a $300 fine, six months' probation, 24 hours community service and standard conditions.

> Thank you, Your Honor.

We examine ineffective assistance of counsel claims under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984) and adopted by Texas in *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). Renicker's burden is to show by a preponderance of the evidence that (a) trial counsel's performance was deficient in that it fell below the prevailing professional norms, and (b) but for the deficiency, there is a reasonable probability the result of the proceeding would have been different. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We examine the totality of counsel's representation to determine whether appellant received effective assistance, but we do not judge counsel's strategic decisions in hindsight; rather, we strongly presume counsel's competence. *Id.* Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*

In this case, Renicker filed a motion for new trial alleging, among a number of grounds, that he received ineffective assistance because his attorney failed to file a motion to suppress. The motion contained no argument on the point, and there is no record of a hearing at which Renicker's trial counsel was afforded the opportunity to explain his actions or trial strategy. Therefore, as was the case in *Thompson*, our record provides no discussion of trial counsel's purported errors. It contains no discernible explanation of the motivation behind his decision not to file a motion to suppress, his decision not to object to any particular evidence, or his strategy in presenting the punishment phase of the trial. Because the record is silent regarding any explanation for counsel's actions, appellant has failed to meet his burden to overcome the strong presumption of reasonable assistance. *See Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003) ("The record in this case is insufficient to support the conclusion [that appellant received ineffective assistance of counsel] because appellant did not develop a record in the trial court for the purpose of establishing this claim."); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.

Crim. App. 1994) (appellate court is not required to indulge in speculation concerning counsel's decision-making processes or to imagine reasons why counsel acted or failed to act in particular manner).[1]

On the record before us, we cannot conclude Renicker has established that his trial counsel's performance fell below an objective standard of reasonableness. Thus, he has failed to satisfy the first prong of *Strickland* and has not shown his trial counsel's assistance was ineffective. We overrule his single issue.

We affirm the trial court's judgment.

/David Lewis/

DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120832F.U05

---

[1] Because the reasonableness of trial counsel's choices often involves facts that do not appear in the appellate record, an application for writ of habeas corpus is often the more appropriate vehicle to raise ineffective assistance of counsel claims. *See Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

REID CARLTON RENICKER, Appellant

No. 05-12-00832-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 1, Collin County, Texas
Trial Court Cause No. 001-86948-2011.
Opinion delivered by Justice Lewis.
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of July, 2013.


/David Lewis/

DAVID LEWIS
JUSTICE