

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00038-CR
### NO. 02-15-00048-CR

GARY DON FLEMING                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR06-0702, CR09-0744

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gary Don Fleming appeals the revocations of his community supervision in two cases, his conviction for indecency with a child, and his sentences for indecency with a child and failure to register as sex offender. We affirm.

---

[1]See Tex. R. App. P. 47.4.

## Background Facts

In April 2007, Appellant was placed on deferred adjudication community supervision for indecency with a child by contact in cause no. CR06-0702. In January 2010, Appellant pleaded guilty to failure to register as a sex offender in cause no. CR09-0744, and the trial court assessed ten years' confinement. The trial court suspended the sentence and placed Appellant on community supervision. In September 2014, the State moved to revoke Appellant's community supervision in cause no. CR09-0744 and to proceed to adjudication in cause no. CR06-0702 for violating the terms of his community supervision.

After a hearing, the trial court found Appellant guilty of the indecency offense, found all of the alleged violations to be true, and revoked Appellant's community supervision in both cases. The trial court sentenced Appellant to seventeen years' incarceration in the indecency cause and to eight years' incarceration in the failure-to-register cause and fined Appellant $1,000 in the failure-to-register cause. Appellant then filed this appeal.

## Ineffective Assistance of Counsel

In one issue, Appellant argues that his trial counsel failed to provide effective assistance. To establish ineffective assistance of counsel, Appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively

demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

Appellant relies primarily on a statement made by his trial counsel that implied counsel had a serious health condition. During trial, Appellant's trial counsel said, "Gosh, your Honor, I think my brain tumor's kicking in. I think there was something else I wanted to cover but I can't recall it."[2] Appellant's trial counsel made no other mention of a brain tumor, and it is unclear from the record whether he was serious when he made the comment or whether he made the statement facetiously. Appellant claims that his trial counsel's alleged "brain

---

[2]Appellant's trial counsel did recall the question he wanted to ask and had the opportunity to ask it.

tumor" caused memory issues "[o]n at least six other occasions during the hearing."[3]

Other than identifying trial counsel's brain-tumor statement, the cursory allegations of memory problems, and stating that the brain tumor "may have impacted [trial counsel's] performance to the detriment of appellant," Appellant does not explain how trial counsel's representation failed to be reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Appellant also does not explain how trial counsel's brain tumor and memory problems prejudiced the defense of Appellant. In fact, Appellant acknowledges that on the face of the record, trial counsel appeared to vigorously defend Appellant. We therefore cannot say that the record before us demonstrates that Appellant's trial counsel's performance was deficient or that any deficiency prejudiced Appellant.

Recognizing that the record on direct appeal will generally be insufficient to show that counsel's representation was so deficient as to satisfy the first prong of the *Strickland* standard, *see Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) ("The reasonableness of counsel's choices often involves facts that do not appear in the appellate record."), Appellant requests that this court abate this appeal and order the trial court to conduct an evidentiary hearing to develop

---

[3]After each of the occasions in which Appellant alleges that his trial counsel displayed problems with his memory, the record reflects that his trial counsel did develop the testimony that he had desired to present. Appellant's trial counsel did not mention his "brain tumor" again.

the record regarding the nature and extent of trial counsel's alleged medical condition.[4]  *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) ("[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.").  However, the court of criminal appeals has stated that a petition for writ of habeas corpus is "the more appropriate vehicle to raise ineffective-assistance of counsel claims."  *Id.* at 110.  Habeas corpus proceedings "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial."  *Thompson*, 9 S.W.3d at 814–15.  Appellant admits that he "certainly has that remedy available to him."  He does not show how such a proceeding would be inappropriate here, nor does he provide any reason why this case requires us to deviate from precedent.  We therefore overrule Appellant's issue.

## Conclusion

Having overruled Appellant's issue, we affirm the trial court's judgments.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 17, 2015

---

[4]We note, however, that Appellant failed to file a motion for new trial alleging ineffective assistance of counsel.