

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00259-CR

---

ERIC LEE SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 7186, Honorable John A. Didway, Presiding

---

February 7, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

In this appeal from a revocation of community supervision, Eric Lee Sanchez challenges the trial court's decision to revoke his community supervision and sentence him to eight years' imprisonment. Through a single issue, Appellant contends his counsel provided ineffective assistance that prejudiced his defense. We affirm.

**Background**

In 2017, Appellant pleaded guilty to evading arrest or detention while using a vehicle,[1] a third-degree felony.  He received a ten-year sentence, probated for six years of community supervision.  The order imposing conditions of community supervision required that Appellant "[t]otally abstain from" and avoid using or possessing controlled substances and narcotics.  In May 2019, the court extended his supervision by two years and ordered him to complete substance abuse treatment.

The State moved to revoke Appellant's community supervision in May 2024, alleging he violated these conditions by testing positive for methamphetamine in July 2022, and admitting methamphetamine use to his community supervision officer twice in 2018.  The State also alleged Appellant failed to pay supervision fees when due and was delinquent by more than $2,000.  After a July revocation hearing, the trial court revoked Appellant's community supervision and sentenced him to eight years of confinement in prison.  Appellant did not raise his ineffective-assistance claims in a motion for new trial; hence, counsel has not had an opportunity to respond to the allegations.

**Analysis**

Appellant argues his trial counsel rendered ineffective assistance by failing to object to inadmissible hearsay, failing to present a due diligence defense, and allowing "damaging inadmissible testimony."  To prevail on an ineffective assistance of counsel

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a),(b)(2)(A).

claim under *Strickland v. Washington,*[2] an appellant must satisfy both prongs of its test; otherwise, the claim fails. *Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

First, Appellant must show his counsel's performance was objectively deficient, meaning counsel failed to act as "a reasonably competent attorney" would under the circumstances. *Pate v. State*, No. 07-15-00397-CR, 2017 Tex. App. LEXIS 8447, at *13 (Tex. App.—Amarillo Sept. 6, 2017, pet. ref'd) (mem. op.) (citing *Strickland,* 466 U.S. at 687). We strongly presume counsel's conduct falls within reasonable professional assistance. *Hart v. State*, 667 S.W.3d 774, 781 (Tex. Crim. App. 2023). Defeating this presumption requires any allegation of ineffectiveness be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814 (cleaned up); *see also Pate,* 2017 Tex. App. LEXIS 8447, at *13.

Second, Appellant must demonstrate prejudice by showing a reasonable probability that, but for counsel's errors, the outcome would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). This assessment considers the totality of representation, not isolated errors. *Burruss v. State,* 20 S.W.3d 179, 186 (Tex. App.—Texarkana 2000, pet. ref'd).

As noted, Appellant did not raise his claims in a motion for new trial, depriving counsel of any chance to explain the challenged decisions. Without such explanation, direct appeal rarely provides a sufficient record for evaluating ineffective assistance claims. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Such claims are

---

[2] 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

typically better suited for habeas corpus proceedings, where the record can be properly developed. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Appellant contends his counsel rendered ineffective assistance by failing to object to hearsay testimony from community supervision officers about his missed appointments, drug use admissions, and positive drug tests. He argues that without this inadmissible evidence, the outcome of his revocation hearing would have been different. But his own testimony provided ample grounds for revocation. After being warned of his right not to testify, Appellant took the stand and admitted the following:

- During community supervision, Appellant had some "positive UAs";

- He tested positive for methamphetamine in Lubbock County on July 27, 2022;

- He admitted using methamphetamine to his community supervision officer on May 14, 2018, and again on July 24, 2018;

- He purchased methamphetamine while delinquent in paying community supervision fees;

- He acknowledged choosing to spend money on drugs rather than required community supervision fee payments.

Similar evidence came through community supervision officer Angie Garcia, who testified that Appellant admitted using methamphetamine on May 14 and July 24, 2018. These admissions are non-hearsay statements by a party opponent. *See* TEX. R. EVID. 801(e)(2)(A); *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999).

Proof of a single violation suffices to support revocation of community supervision. *Conway v. State,* Nos. 07-24-00028-CR, 07-24-00029-CR, 2024 Tex. App. LEXIS 5616, at *4 (Tex. App.—Amarillo Aug. 7, 2024, no pet.) (mem. op., not designated for publication). After receiving proper admonishments, Appellant testified and admitted

4

multiple drug violations. Similar admissions also came through community supervision officer Garcia's testimony. While Appellant claims counsel should have objected to inadmissible evidence, much of the challenged testimony was admissible—and the trial court's findings are consistent with this proper evidence. Accordingly, even if some evidence was inadmissible, a matter we need not decide here, we presume the trial court disregarded it. *See Ozack v. State*, 646 S.W.2d 941, 943 (Tex. Crim. App. 1983) (noting on review of a bench trial appellate court can assume any improper testimony was disregarded by the trial court judge as fact finder). Given this evidence, Appellant cannot show a reasonable probability that the outcome would have different absent counsel's alleged errors.

## Conclusion

We overrule Appellant's issue and affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.